1
**SCOOLIDGE PETERS RUSSOTTI & FOX LLP**
Peter Scoolidge (NY 4682100)
2
peter@sprfllp.com
Peter Fox (NY 4832606)
3
pfox@sprfllp.com
2 Park Avenue
4
New York, NY 10016
(212) 729-7708 tel
5
*Attorneys for Defendants Hieusys, LLC,*
*Colin LeMahieu, Troy Retzer, and Mica Busch*
6

7
**ZUCKERMAN SPAEDER LLP**
Shawn Naunton (NY 3958691)
snaunton@zuckerman.com
8
Vanessa I. Garcia (NY 5372685)
vgarcia@zuckerman.com
9
485 Madison Avenue
New York, NY 10022
10
(212) 704-9600 tel
*Attorneys for Defendant Zack Shapiro*
11

12
**CORNERSTONE LAW GROUP**
Paul J. Byrne (SBN 190860)
13
pbyrne@cornerlaw.com
351 California St Ste 600
San Francisco CA 94104
14
(415) 357-2094 tel
(415) 655-8238 fax
15
*Attorneys for Defendants Hieusys, LLC, Colin*
*LeMahieu, Troy Retzer, Mica Busch, and Zack Shapiro*
16

17
## IN THE UNITED STATES DISTRICT COURT
18
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
19

20
JAMES FABIAN, individually; and on behalf of
All Others Similarly Situated;
21

22
        *Plaintiff,*

23
        v.

24
NANO f/k/a RAIBLOCKS f/k/a HIEUSYS, LLC;
COLIN LEMAHIEU; MICA BUSCH; ZACK
25
SHAPIRO; TROY RETZER; BG SERVICES,
S.R.L. f/k/a BITGRAIL S.R.L. f/k/a WEBCOIN
26
SOLUTIONS; AND FRANCESCO "THE
BOMBER" FIRANO,
27

28
        *Defendants.*

Case Number: 4:19-cv-54-YGR

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO THE**
**FIRST AMENDED COMPLAINT**

Defendants Hieusys, LLC, Colin LeMahieu, Mica Busch, Troy Retzer, and Vack Shapiro ("Defendants") hereby answer Plaintiff James Fabian's ("Plaintiff") First Amended Complaint as follows:

**ADMISSIONS AND DENIALS**

1.     Defendants admit the allegations in following Paragraphs of the First Amended Complaint, except where noted otherwise:  un-numbered introductory paragraph (admitted that the Plaintiff has made allegations, all other statements are denied), 26 (admitted only to the extent that Plaintiff is seeking relief in this matter), 32 (admitted only that Hieusys, LLC is a Texas entity) 33-36 (admitted only as to domicile and deny information to form a belief about the other allegations), 68, 69 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 72 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 81 (admitted only to the extent that the Defendants did not charge money for Nano coins and that a faucet was used for distribution), 88 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 89 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 91 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 92 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 94 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 96 (admitted only to the extent that one of the Defendants appears to have made an online forum post) 97 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 98 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 112 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 114 (admitted only to the extent that one of the Defendants appears to have made online forum posts), 116 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 117 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 118, (admitted only to the extent that one of the

Defendants appears to have made an online forum post), 119 (admitted only to the extent that one of the Defendants appears to have made an online forum post) 121 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 124 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 126 (admitted only to the extent that some of the Defendants participated in online chats), 127 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 129 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 131 (admitted only to the extent that the faucet was closed on October 15, 2017 and the Defendants burned some of the Nano coins), 133 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 134 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 138  (admitted only to the extent that one of the Defendants appears to have made an online forum post), 139 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 141 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 142 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 143 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 144 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 156, 160 (admitted only to the extent that an Italian court adjudicated a bankruptcy proceeding, employed an expert witness, and made findings), 165 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 166 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 168 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 169 (admitted only to the extent that one of the Defendants appears to have made an online forum post), 227 (admitted only to the extent that the Plaintiff is incorporating paragraphs by reference), 232 (admitted only to the extent that the Plaintiff is incorporating paragraphs by reference), and 238 (admitted only to the extent that the Plaintiff is incorporating paragraphs by reference).

2.       Defendants deny the allegations in the following Paragraphs of the First Amended Complaint: 1, 2, 4, 5, 6, 7, 8, 9, 12 (except that the Defendants admit a lawsuit was filed and that the Defendants made statements on April 9, 2018), 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 70, 71, 73, 74, 77, 78 (except admitted that a Defendant made a statement on social media), 79 (except admitted that a Defendant made a statement on social media), 80, 82, 86 (except admitted that a Defendant made a statement on social media and that the faucet closed on October 15, 2017), 87, 93, 95, 99, 100 (except admitted that Nano coins were listed on Cryptopia), 101, 102 (except admitted that Nano coins were listed on Mercatox), 104, 105, 106 (except admitted that Firano made a statement), 107, 108 (except admitted that Firano made a statement), 109 (except admitted that a Defendant appears to have made a social media post), 110, 111, 113, 115, 120, 122, 123, 128, 130, 135, 136, 137, 145, 150, 152, 153, 155, 159, 161, 162, 163, 164, 167, 170, 171 (except admitted that Firano made a statement), 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 228, 229, 230, 231, 233, 234, 235, 236, 237, 239, 240, 241, 242, 243, and 244.

3.       Defendants lack sufficient knowledge or information to admit or deny the allegations in the following Paragraphs of the First Amended Complaint: 3 (except Defendants admit that a non-party with a username "mikerow" appears to have made a social media post), 10, 11 (except that one of the Defendants appears to have made an online forum post), 13, 27, 28, 29, 30, 31, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 66, 67, 75, 76, 83, 84, 85, 90, 103, 132, 140, 146, 147, 148, 149, 151, 154, 157, 158, 183, 184, 185, 186, 187, 188, 189, and 190.

4.       The following paragraph of the First Amended Complaint are moot following the Court's Order granting in part the Defendants' motion to dismiss:  197-226, and 245-256.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**:

5.       Plaintiff is barred from relief because the Complaint and each claim purported to be alleged therein, fail to allege facts sufficient to state a plausible claim for relief against the Defendants.

**SECOND AFFIRMATIVE DEFENSE:**

6.      Plaintiff was at fault in purchasing cryptocurrency (Nano Coins) on an unregulated foreign exchange and/or maintaining funds in account on that exchange relative to the incident described in plaintiff's complaint. Such fault caused or contributed to the damages complained of in this case.

**THIRD AFFIRMATIVE DEFENSE:**

7.      Plaintiff failed to take reasonable steps to minimize or prevent the damages he claims to have suffered.

**FOURTH AFFIRMATIVE DEFENSE:**

8.      Plaintiff knew about the risk of transacting in cryptocurrency, especially on an unregulated foreign exchange, and voluntarily undertook the risk that led to the injuries complained of in this case.

**FIFTH AFFIRMATIVE DEFENSE:**

9.      People or entities other than the Defendants, including but not limited to Francesco Firano, BG Services, S.R.L., BitGrail S.R.L., and/or Webcoin Solutions, caused or contributed to the damages Plaintiff claims to have suffered. Therefore any award made in favor of Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.  Moreover, the Defendants are entitled to a set off if additional investigation uncovers wrongful conduct and money owed to the Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

10.      Defendants other than Hieusys, LLC, Colin LeMahieu, Mica Busch, Troy Retzer, and Zack Shapiro caused or contributed to the damages Plaintiff claims to have suffered. Therefore any award made in favor of Plaintiff must be divided between the defendants so that each pays only his or its fair share in relationship to his or its amount of fault.

**SEVENTH AFFIRMATIVE DEFENSE**

11.     The Defendants believe, based on reliable information, that current law prohibits Plaintiff's claims against the Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

12.     Plaintiff waited too long to file this lawsuit, making it difficult or impossible for the Defendants to find witnesses or evidence to defend the case.

### NINTH AFFIRMATIVE DEFENSE

13.     The damages Plaintiff claims to have suffered were caused or made worse by an event that occurred after the accident described in the complaint, which constitutes an intervening or supervening cause.

### TENTH AFFIRMATIVE DEFENSE

14.     The damages the Plaintiff claims to have suffered were entirely or almost entirely caused by the acts or omissions of actors other than the Defendants, including but not limited to Francesco Firano, BG Services, S.R.L., BitGrail S.R.L., and/or Webcoin Solutions, and thus the Defendants are not responsible for Plaintiff's claimed damages.


The Defendants expressly reserve the right to amend this Answer and Affirmative Defenses to add or remove defenses and Affirmative Defenses as the case progresses and discovery is taken.

The Defendants hereby demands a jury trial on all matters upon which a jury may pass.

**WHEREFORE** Defendants respectfully asks this Court for the following relief:

A.  That the Complaint be dismissed in its entirety with prejudice;

B.  That Defendants be awarded attorney's fees and costs; and

C.  For such other and further relief as this Court may deem just and proper.

Date: October 25, 2019                    Respectfully submitted,


                                          /s/ Peter Scoolidge_____
                                          Peter Scoolidge
                                          Peter Fox
                                          **SCOOLIDGE PETERS RUSSOTTI & FOX
                                          LLP**
                                          *Attorneys for Defendants Hieusys, LLC,
                                          Colin LeMahieu, Troy Retzer, and Mica Busch*


                                          /s/ Shawn Naunton_____
                                          Shawn Naunton
                                          Vanessa I. Garcia
                                          **ZUCKERMAN SPAEDER LLP**
                                          *Attorneys for Defendant Zack Shapiro*


                                          /s/ Paul J Byrne_____
                                          Paul J. Byrne
                                          **CORNERSTONE LAW GROUP**
                                          *Attorneys for Defendants Hieusys, LLC, Colin
                                          LeMahieu, Troy Retzer, Mica Busch, and Zack
                                          Shapiro*

ANSWER AND AFFIRMATIVE DEFENSES                                    Case No: 4:19-cv-54-YGR