Rosanne L. Mah (State Bar No. 242628)
Email: rmah@zlk.com
**LEVI & KORSINSKY, LLP**
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Donald J. Enright (admitted *pro hac vice*)
Email: denright@zlk.com
John A. Carriel (admitted *pro hac vice*)
Email: jcarriel@zlk.com
**LEVI & KORSINSKY, LLP**
1101 30th St., NW, Ste. 115
Washington, DC 20007
Telephone: (202) 524-4292
Facsimile: (202) 333-2121

David C. Silver, Esq. (admitted *pro hac vice*)
E-mail: DSilver@SilverMillerLaw.com
Jason S. Miller, Esq. (to be admitted *pro hac vice*)
E-mail: JMiller@SilverMillerLaw.com
Todd R. Friedman, Esq. (admitted *pro hac vice*)
E-mail: TFriedman@SilverMillerLaw.com
**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:    (954) 516-6000

*Attorneys for Lead Plaintiff James Fabian*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JAMES FABIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NANO F/K/A RAIBLOCKS F/K/A HIEUSYS, LLC; COLIN LEMAHIEU; MICA BUSCH; ZACH SHAPIRO; TROY RETZER; BG SERVICES, S.R.L. F/K/A BITGRAIL S.R.L. F/K/A WEBCOIN SOLUTIONS; and FRANCESCO "THE BOMBER" FIRANO,<br><br>Defendants. | Case No. 4:19-cv-00054-YGR<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO STRIKE AFFIRMATIVE DEFENSES RAISED IN DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Date:     February 4, 2020<br>Time:    2:00 p.m.<br>Judge:   Hon. Yvonne Gonzalez Rogers<br>Crtrm:   1, 4th Floor |

**TABLE OF CONTENTS**

Page

RELEVANT FACTS AND PROCEDURAL HISTORY ................................................................. 1

ARGUMENT ..................................................................................................................................... 2

    I. STANDARD OF REVIEW ON A MOTION TO STRIKE AFFIRMATIVE DEFENSES .. 2

    II. EACH OF THE AFFIRMATIVE DEFENSES SHOULD BE STRICKEN ........................ 4

        A.    The First Affirmative Defense (Failure to State a Claim) and Seventh Affirmative Defense (Current Law Prohibits Plaintiff's Claims) Should Be Stricken As They Are Not Affirmative Defenses ................................................. 4

        B.    The Second Affirmative Defense (Contributory Negligence / Comparative Fault as to Plaintiff) and Fourth Affirmative Defense (Assumption of Risk) Should Be Stricken as Insufficient and Immaterial ............................................ 5

            1.    Defendants' Factual Assertions Are Conclusory and Insufficiently Pleaded .................................................................................................. 6

            2.    Contributory Negligence is Not a Defense Under California Law ......... 6

            3.    Defendants' Assumption of Risk Defense is Not an Independent Affirmative Defense to Plaintiff's Claims ............................................... 6

            4.    Comparative Fault is Not a Defense to Plaintiff's Fraud and Negligent Misrepresentation Claims ....................................................................... 7

            5.    Defendants Fail to Plead Sufficient Facts as to How a Comparative Fault Defense Might Apply to Plaintiff's Negligence Claim ................. 8

        C.    The Third Affirmative Defense (Failure to Mitigate) Should Be Stricken As Insufficient ................................................................................................... 8

        D.    The Fifth Affirmative Defense (Set Off) Should be Stricken as Insufficient and Because Set Off is Not an Affirmative Defense ............................................... 9

        E.    The Sixth Affirmative Defense (Apportionment) and Tenth Affirmative Defense (Indemnification) Should Be Stricken as They are Not Affirmative Defenses ...................................................................................................... 11

        F.    The Eighth Affirmative Defense (Laches) Should be Stricken as Insufficient 12

        G.    The Ninth Affirmative Defense (Supervening Cause) Should be Stricken as Insufficient ........................................................................................................ 13

        H.    The Additional Affirmative Defense (Reservation to Add Affirmative Defenses) Should be Stricken as Insufficient .................................................. 13

CONCLUSION ............................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Fitness International, LLC*,
   4 Cal.App.5th 867 (Cal. Ct. App. 2016) ............................................................................. 6

*Ansari v. Elec. Document Processing, Inc.*,
   No. 5:12-CV-01245-LHK, 2012 U.S. Dist. LEXIS 128622 (N.D. Cal. Sep. 10,
   2012) ........................................................................................................................... passim

*Ansari v. Elec. Document Processing, Inc.*,
   No. 5:12-CV-01245-LHK, 2013 U.S. Dist. LEXIS 24776 (N.D. Cal. Feb. 22,
   2013) ..................................................................................................................................... 9

*Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) ............................................................................. 4

*Castillo v. Seagate Tech., LLC*,
   No. 16-cv-01958-RS, 2016 U.S. Dist. LEXIS 187428 (N.D. Cal. Sep. 14, 2016) ........ 7

*Costello v. United States,*
   365 U.S. 265 (1961) ............................................................................................................ 12

*Devermont v. City of San Diego*,
   No. 12-CV-01823 BEN (KSC), 2013 U.S. Dist. LEXIS 83495 (S.D. Cal. June 12,
   2013) ................................................................................................................................... 10

*Dion v. Fulton Friedman & Gullace Ltd. Liab. P'ship*,
   No. 11-2727 SC, 2012 U.S. Dist. LEXIS 5116 (N.D. Cal. Jan. 17, 2012) ...................... 3

*Doe v. BSA*,
   329 F. Supp. 3d 1168 (D. Idaho 2018) ............................................................................ 12

*Exp.-Import Bank of Korea v. Asi Corp.*,
   No. CV 16-2056-MWF (JPRx), 2018 U.S. Dist. LEXIS 226082 (C.D. Cal. Aug. 3,
   2018) ..................................................................................................................................... 6

*FDIC v. Luping Lai*,
   No. 5:11-cv-03313 EJD, 2012 U.S. Dist. LEXIS 2340 (N.D. Cal. Jan. 9, 2012) ........... 7

*Federal Deposit Ins. Corp. v. Main Hurdman*,
   655 F.Supp. 259 (E.D. Cal. 1987) ...................................................................................... 3

*Finjan, Inc. v. Juniper Network, Inc.*,
   No. C 17-05659 WHA, 2018 U.S. Dist. LEXIS 149454 (N.D. Cal. Aug. 31, 2018) ... 2

*First Fin. Sec. v. Jones*,
   No. 17-cv-00773-BLF, 2017 U.S. Dist. LEXIS 195467 (N.D. Cal. Nov. 28, 2017) .... 4, 11

*First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*,
   No. 15-cv-01893-HRL, 2016 U.S. Dist. LEXIS 69996 (N.D. Cal. May 26, 2016) ...... 9, 13

*Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 U.S. Dist. LEXIS
   159425 (N.D. Cal. Sep. 18, 2018) ..................................................................................... 5, 9

*Ford v. Polaris Industries, Inc.*,
   139 Cal. App. 4th 755 (2006) ............................................................................................. 7

*G & G Closed Circuit Events, LLC v. Nguyen*,
   No. 10-CV-00168-LHK, 2010 U.S. Dist. LEXIS 104980 (N.D. Cal. Sept. 23,
   2010) ................................................................................................................. 4, 7, 11, 13

*G & G Closed Circuit Events, LLC v. Nguyen*,
   No. 5:10-CV-05718 EJD, 2011 U.S. Dist. LEXIS 144435 (N.D. Cal. Dec. 15,
   2011) ................................................................................................................................ 9, 12

*Haskins v. Cherokee Grand Ave., LLC*,
   No. C-11-05142-YGR, 2012 U.S. Dist. LEXIS 46532 (N.D. Cal. Apr. 2, 2012) .......................... 3

*Hernandez v. Cnty. of Monterey*,
   306 F.R.D. 279 (N.D. Cal. 2015) ............................................................................................... 13

*Hernandez v. Dutch Goose, Inc.*,
   No. C 13-03537 LB, 2013 U.S. Dist. LEXIS 153707 (N.D. Cal. Oct. 25, 2013) ....................... 3, 4

*Hiramanek v. Clark*,
   No. 13-00228, 2015 U.S. Dist. LEXIS 19985 (N.D. Cal. Feb. 18, 2015) ................................... 13

*J & J Sports Prods. v. Marini*,
   No. 1:16-CV-0477-AWI-JLT, 2016 U.S. Dist. LEXIS 165455 (E.D. Cal. Nov. 29,
   2016) ............................................................................................................................................ 6

*J & J Sports Prods. v. Mendoza-Govan*,
   No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075 (N.D. Cal. Apr. 25, 2011) ..................... 13

*J & J Sports Prods. v. Vizcarra*,
   No. 11-1151 SC, 2011 U.S. Dist. LEXIS 109732 (N.D. Cal, Sep. 27, 2011) ............................. 12

*Joe Hand Promotions v. Davis*,
   No. C 11-6166 CW, 2012 U.S. Dist. LEXIS 145402 (N.D. Cal. Oct. 9, 2012) ......................... 5, 7

*JPMorgan Chase Bank, N.A. v. Parkside Lending, LLC*,
   No. C 12-5197 PJH, 2013 U.S. Dist. LEXIS 16981 (N.D. Cal. Feb. 7, 2013) ............................ 10

*Kanne v. Connecticut General Life Ins. Co.*,
   867 F.2d 489 (9th Cir. 1988) ........................................................................................................ 3

*Kaur v. City of Lodi*,
   No. 2:14-cv-00828-GEB-AC, 2015 U.S. Dist. LEXIS 126023 (E.D. Cal. Sep. 18,
   2015) ........................................................................................................................................... 10

*Leos v. Rasey*,
   No. 1:14-cv-02029 LJO JLT (PC), 2016 U.S. Dist. LEXIS 38972 (E.D. Cal. Mar.
   24, 2016) ....................................................................................................................................... 8

*LL B Sheet 1, LLC v. Loskutoff*,
   362 F. Supp. 3d 804 (N.D. Cal. 2019) .......................................................................................... 8

*Norddeutscher Lloyd v. JonesStevedoring Co.*,
   490 F. 2d 648 (9th Cir. 1973) ..................................................................................................... 12

*PageMelding, Inc. v. ESPN, Inc.*,
   No. C 11-06263 WHA, 2012 U.S. Dist. LEXIS 127041 (N.D. Cal. Sept. 6, 2012) ...................... 2

*Perez v. Gordon & Wong Law Grp., P.C.*,
   No. 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080 (N.D. Cal. Mar. 26, 2012) ......... 3, 6, 9, 14

*Polk v. Legal Recovery Law Offices*,
    291 F.R.D. 485 (S.D. Cal. 2013) ...................................................................................... 11

*Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*,
    No. 16-cv-00669-YGR, 2017 U.S. Dist. LEXIS 55487 (N.D. Cal. Apr. 11, 2017) ..................2, 3

*Quintana v. Baca*,
    233 F.R.D. 562 (C.D. Cal. 2005) ........................................................................................ 8

*Reiffer v. HGM Holdings LLC*,
    No. 1:18-cv-1058-LJO-BAM, 2019 U.S. Dist. LEXIS 10147 (E.D. Cal. Jan. 22,
    2019) ................................................................................................................................ 10

*Reis Robotics U.S.A., Inc. v. Concept Indus., Inc.*,
    462 F.Supp.2d 897 (N.D. Ill. 2006) .................................................................................. 14

*Righetti v. Cal. Dep't of Corr. & Rehab.*,
    No. C-11-2717 EMC, 2013 U.S. Dist. LEXIS 64520 (N.D. Cal. May 6, 2013) ..............12, 13

*Rodriguez v. Brown*,
    No. 1:15-cv-01754-LJO-EPG (PC), 2017 U.S. Dist. LEXIS 41678 (E.D. Cal. Mar.
    22, 2017) ............................................................................................................................ 8

*Schmidt v. Pentair, Inc.*,
    No. C08-4589 TEH, 2010 U.S. Dist. LEXIS 123053 (N.D. Cal. Nov. 4, 2010) ................... 7

*Scott v. Fed. Bond & Collection Serv.*,
    No. 10-CV-02825-LHK, 2011 U.S. Dist. LEXIS 5278 (N.D. Cal. Jan. 19, 2011) ............... 3

*Security People, Inc. v. Classic Woodworking, LLC*,
    No. 04-CV-3133, 2005 U.S. Dist. LEXIS 44641 (N.D. Cal. Mar. 4, 2005) ......................... 2

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) .............................................................................................. 3

*Smith v. Ardew Wood Products, Ltd.*,
    C07-5641 FDB, 2009 U.S. Dist. LEXIS 124882 (W.D. Wash. Jan. 5, 2009) ..................... 9

*Smith v. Bank of N.Y. Mellon*,
    No. C19-0538-JCC, 2019 U.S. Dist. LEXIS 126913 (W.D. Wash. July 30, 2019) ........10, 11

*Solis v. Zenith Capital, LLC*,
    No. C 08-4854 PJH, 2009 U.S. Dist. LEXIS 43350 (N.D. Cal. May 8, 2009) .................. 14

*United States v. Stringfellow*,
    661 F. Supp. 1053 (C.D. Cal. 1987) .................................................................................. 12

*Wyshak v. City Nat. Bank*,
    607 F.2d 824 (9th Cir. 1979) ..........................................................................................3, 6

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) .......................................................................................4, 13

**Rules**

Fed. R. Civ. P. 12(f) ..............................................................................................................1, 2

Fed. R. Civ. P. 8(b)(1) ............................................................................................................... 2

Lead Plaintiff James Fabian ("Plaintiff" or "Fabian"), by and through his undersigned attorneys, submits this Memorandum of Points and Authorities in Support of his Motion to Strike Affirmative Defenses ("Motion") proffered by Defendants' Nano f/k/a RaiBlocks f/k/a Hieusys, LLC ("Nano"), Colin LeMahieu, Mica Busch, Zack Shapiro, and Troy Retzer's (collectively, "Defendants") in their Answer and Affirmative Defenses (ECF No. 70, the "Answer" or "Ans.") to the First Amended Complaint (ECF No. 58, the "FAC"). Pursuant to FED. R. CIV. P. 12(f), Plaintiff moves to strike all of the Affirmative Defenses contained in Defendants' Answer on the grounds that such boilerplate purported defenses are not proper affirmative defenses, are not pleaded with sufficient particularity to give Plaintiff notice of their bases, and are not supported by any facts or explanations as to how they apply to this case.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On July 25, 2019, Plaintiff filed the FAC, asserting nine causes of action against Defendants. On August 15, 2019, Defendants filed their renewed Motion to Dismiss the FAC. (ECF No. 60, the "Motion to Dismiss"). On September 24, 2019, the Court held a hearing on Defendants' Motion to Dismiss. (ECF No. 68). On October 4, 2019, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. (ECF No. 66, the "Order"). The Court's Order denied Defendants' Motion to Dismiss as to the FAC's claims for negligence, fraud, and negligent misrepresentation against Defendants. *Id*.

On October 25, 2019, Defendants filed their Answer to the FAC and presented in their Answer ten "Affirmative Defenses" identified on pages 3–5. *Id*. These purported affirmative defenses are as follows:

<u>First Affirmative Defense</u>: Failure to State a Claim;

<u>Second Affirmative Defense</u>: Contributory Negligence / Comparative Fault;

<u>Third Affirmative Defense</u>: Failure to Mitigate;

<u>Fourth Affirmative Defense</u>: Assumption of Risks;

<u>Fifth Affirmative Defense</u>: Set Off;

<u>Sixth Affirmative Defense</u>: Apportionment;

<u>Seventh Affirmative Defense</u>: Current Law Prohibits Plaintiff's Claims;

    <u>Eighth Affirmative Defense</u>: Laches;

    <u>Ninth Affirmative Defense</u>:  Supervening Cause;

    <u>Tenth Affirmative Defense</u>: Indemnification; and

    <u>Additional Affirmative Defense</u>:  Reservation to Add Affirmative Defenses.

  As set forth herein, each of the foregoing Affirmative Defenses should be stricken, as they are: (i) not actual affirmative defenses; (ii) insufficiently pleaded; (iii) insufficient as a matter of law; and/or (iv) immaterial and impertinent.

<b><u>ARGUMENT</u></b>

**I. STANDARD OF REVIEW ON A MOTION TO STRIKE AFFIRMATIVE DEFENSES**

  "Federal Rule of Civil Procedure 8(b)(1) requires a party to 'state in short and plain terms its defenses to each claim asserted against it.'" *Ansari v. Elec. Document Processing, Inc.*, No. 5:12-CV-01245-LHK, 2012 U.S. Dist. LEXIS 128622, at *4 (N.D. Cal. Sep. 10, 2012) ("*Ansari I*") (quoting FED. R. CIV. P. 8(b)(1)).  As this Court has held, affirmative defenses are reviewed under the heightened "plausibility" pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).  *See Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 U.S. Dist. LEXIS 55487, at *4 (N.D. Cal. Apr. 11, 2017) (applying the *Twombly* "plausibility" standard in reviewing sufficiency of affirmative defenses and stating "[a]bsent controlling authority to the contrary, this Court joins its sister courts in this district in continuing to apply such standard").  Indeed, there is "widespread agreement" within this district that the *Twombly* "plausibility" standard applies to affirmative defenses.  *Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-05659 WHA, 2018 U.S. Dist. LEXIS 149454, at *4 (N.D. Cal. Aug. 31, 2018) (citing *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 U.S. Dist. LEXIS 127041 (N.D. Cal. Sept. 6, 2012) (collecting cases)).

  "Federal Rule of Civil Procedure 12(f) provides that a court may 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' A defense may be insufficient as a matter of pleading or a matter of law." *Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 U.S. Dist. LEXIS 55487, at *4 (N.D. Cal. Apr. 11, 2017) (citing *Security People, Inc. v. Classic Woodworking, LLC*, No. 04-CV-3133, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005).  "A Rule 12(f) motion to strike serves 'to avoid the expenditure of time and money that

must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Ansari I*, 2012 U.S. Dist. LEXIS 128622, at *4 (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

"'Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true.'" *Scott v. Fed. Bond & Collection Serv.*, No. 10-CV-02825-LHK, 2011 U.S. Dist. LEXIS 5278, at *23–24 (N.D. Cal. Jan. 19, 2011) (quoting *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D. Cal. 1987)). "A defendant bears the burden of proof on its affirmative defenses." *Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 U.S. Dist. LEXIS 153707, at *5–6 (N.D. Cal. Oct. 25, 2013) (citing *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988)).

"'Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense.'" *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080, at *27–28 (N.D. Cal. Mar. 26, 2012) (quoting *Dion v. Fulton Friedman & Gullace Ltd. Liab. P'ship*, No. 11-2727 SC, 2012 U.S. Dist. LEXIS 5116, at *6 (N.D. Cal. Jan. 17, 2012)); *see also Prods. & Ventures Int'l*, 2017 U.S. Dist. LEXIS 55487, at *8 (quoting *Dion*, 2012 U.S. Dist. LEXIS 5116, at *6) (holding that "in pleading its affirmative defenses, a party must state 'enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility.'").

"'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" *Haskins v. Cherokee Grand Ave., LLC*, No. C-11-05142-YGR, 2012 U.S. Dist. LEXIS 46532, at *5 (N.D. Cal. Apr. 2, 2012) (quoting *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "'While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient.'" *Perez*, 2012 U.S. Dist. LEXIS 41080, at *26 (quoting *Scott*, 2011 U.S. Dist. LEXIS 5278, at *16). "In other words, the simple listing of 'a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist' is not sufficient."

*Hernandez*, 2013 U.S. Dist. LEXIS 153707, at *8 (quoting *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)).

## II. EACH OF THE AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

### A. The First Affirmative Defense (Failure to State a Claim) and Seventh Affirmative Defense (Current Law Prohibits Plaintiff's Claims) Should Be Stricken As They Are Not Affirmative Defenses

Defendants' First Affirmative Defense asserts that:

> Plaintiff is barred from relief because the Complaint and each claim purported to be alleged therein, fail to allege facts sufficient to state a plausible claim for relief against the Defendants

Ans. at 3.

The **First Affirmative Defense** merely argues that Plaintiff has failed to state a claim for relief on each of his claims. "Failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in [Plaintiff's] prima facie case." *Barnes*, 718 F.Supp.2d at 1174; *see also First Fin. Sec. v. Jones*, No. 17-cv-00773-BLF, 2017 U.S. Dist. LEXIS 195467, at *26–27 (N.D. Cal. Nov. 28, 2017) ("'[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.'") (quoting *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 U.S. Dist. LEXIS 104980, at *12 (N.D. Cal. Sept. 23, 2010) ("*Nguyen I*"); *Hernandez*, 2013 U.S. Dist. LEXIS 153707, at *18 ("'A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense.'") (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)).

Accordingly, the First Affirmative Defense should be stricken on the grounds that it is not a valid defense. *See, e.g.*, *Jones*, , 2017 U.S. Dist. LEXIS 195467, at *27 (striking an affirmative defense claiming the complaint failed to "state sufficient facts to constitute a cause of action" "WITHOUT LEAVE TO AMEND. Because this is not actually a defense, amendment would be futile"); *Ansari I*, 2012 U.S. Dist. LEXIS 128622, at *14 ("Defendants' first affirmative defense, based on failure to state a claim upon which relief can be granted, is better understood as a denial of Plaintiff's allegations rather than as an affirmative defense.").

Furthermore, the Court has already rejected Defendants' argument that the FAC fails to state a

claim against Defendants.  (ECF Nos. 66, 68).  Accordingly, the First Affirmative Defense should also be stricken as it is an attempt to relitigate the Court's ruling on the sufficiency of Plaintiff's allegations.  *See, e.g.*, *Joe Hand Promotions v. Davis*, No. C 11-6166 CW, 2012 U.S. Dist. LEXIS 145402, at *8–9 (N.D. Cal. Oct. 9, 2012) ("The Court denied Defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). . . . Because the Court's ruling on the sufficiency of the allegations of the 1AC stands as the law of the case, the motion to strike the first affirmative defense is granted with prejudice.").

Similarly, Defendants' **Seventh Affirmative Defense** asserts:

> The Defendants believe, based on reliable information, that current law prohibits Plaintiff's claims against the Defendants.

Ans. at 4–5.

The Seventh Affirmative Defense should be stricken as it is merely a different way of arguing that Plaintiff has failed to state a claim.  *See, e.g.*, *Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 U.S. Dist. LEXIS 159425, at *20 (N.D. Cal. Sep. 18, 2018) (striking multiple affirmative defenses as "not proper affirmative defense" after concluding that each were "just different ways of saying that plaintiffs have failed to state a claim for relief").  Furthermore, the Seventh Affirmative Defense is plainly insufficient as it fails to provide what "reliable information" leads Defendants to believe that "current law prohibits" Plaintiff's claims.  *See, e.g.*, *Ansari I*, 2012 U.S. Dist. LEXIS 128622, at *12 ("Defendants do not, in this section, provide any reference to the relevant statute or law that would provide the immunity or exemption to which Defendants claim they are entitled. . . . Without providing the underlying factual bases, Plaintiff cannot ascertain the grounds for Defendants' various affirmative defenses and is thus deprived of fair notice.") (collecting cases in which affirmative defenses were stricken as insufficiently pleaded).  Accordingly, it should be stricken.

### B. The Second Affirmative Defense (Contributory Negligence / Comparative Fault as to Plaintiff) and Fourth Affirmative Defense (Assumption of Risk) Should Be Stricken as Insufficient and Immaterial

Defendants' **Second Affirmative Defense** (contributory negligence/comparative fault) asserts:

> Plaintiff was at fault in purchasing cryptocurrency (Nano Coins) on an unregulated foreign exchange and/or maintaining funds in account on that exchange relative to the incident described in plaintiff's complaint. Such fault caused or contributed to

the damages complained of in this case.

Ans. at 4.

To the extent the Second Affirmative Defense is one of comparative fault, Defendants fail to indicate to which of Plaintiff's claims the affirmative defense is intended to apply. Accordingly, this defense should be stricken, as it is insufficiently pleaded. *See Perez*, 2012 U.S. Dist. LEXIS 41080, at *17 ("'A defense may be stricken as insufficient if it fails to give plaintiff 'fair notice' of the defense.'") (quoting *Wyshak*, 607 F.2d at 827).

### 1. Defendants' Factual Assertions Are Conclusory and Insufficiently Pleaded

Defendants have failed to submit any factual support to plausibly conclude that Plaintiff was somehow "at fault" for purchasing XRB on the exchange that Defendants created and managed. Accordingly, the Second Affirmative Defense should be stricken, as it is insufficiently pleaded. *See Perez*, 2012 U.S. Dist. LEXIS 41080, at *17 ("'A defense may be stricken as insufficient if it fails to give plaintiff 'fair notice' of the defense.'") (quoting *Wyshak*, 607 F.2d at 827).

### 2. Contributory Negligence is Not a Defense Under California Law

The Second Affirmative Defense appears to raise a contributory negligence defense. However, "the doctrine of contributory negligence—that any negligence by a plaintiff operates as a bar to that plaintiff's recovery—is no longer the law in California." *J & J Sports Prods. v. Marini*, No. 1:16-CV-0477-AWI-JLT, 2016 U.S. Dist. LEXIS 165455, at *11 (E.D. Cal. Nov. 29, 2016) (citing *Anderson v. Fitness International, LLC*, 4 Cal.App.5th 867, 879 n.5 (Cal. Ct. App. 2016)). Accordingly, to the extent Defendants attempt to raise a contributory negligence defense, it should be stricken. *See, e.g.*, *Exp.-Import Bank of Korea v. Asi Corp.*, No. CV 16-2056-MWF (JPRx), 2018 U.S. Dist. LEXIS 226082, at *31–32 (C.D. Cal. Aug. 3, 2018) ("Indeed, the 'all-or-nothing' rule of contributory negligence has been superseded in this state by a system of 'pure' comparative negligence. . . . Accordingly, to the extent Defendants' Twelfth Affirmative Defense is based on the doctrine of contributory negligence, it fails.") (internal quotation marks and citation omitted).

### 3. Defendants' Assumption of Risk Defense is Not an Independent Affirmative Defense to Plaintiff's Claims

Defendants' **Fourth Affirmative Defense** (assumption of risk) asserts:

Plaintiff knew about the risk of transacting in cryptocurrency, especially on a

> unregulated foreign exchange, and voluntarily undertook the risk that led to the injuries complained of in this case.

Ans. at 4.

"The defense of assumption of risk . . . survives in negligence cases only if the defendant owes no legal duty to protect the plaintiff from harm." *Schmidt v. Pentair, Inc.*, No. C08-4589 TEH, 2010 U.S. Dist. LEXIS 123053, at *5 (N.D. Cal. Nov. 4, 2010) (citing *Ford v. Polaris Industries, Inc.*, 139 Cal. App. 4th 755, 767–68 (2006)). Here, with respect to Plaintiff's claim for negligence, the Court has already found that Defendants owed Plaintiff a duty. *See* Order at 20 ("The *Rowland* factors weigh in favor of finding a duty owed by Nano Defendants to plaintiff.") (citing *Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 U.S. Dist. LEXIS 187428, at *10 (N.D. Cal. Sep. 14, 2016)). In cases where, as here, defendants owe a duty, an assumption of risk defense "merges with principles of comparative fault in negligence cases in which the defendant owes a duty of care to the plaintiff." *Schmidt*, 2010 U.S. Dist. LEXIS 123053, at *5 (citing *Ford*, 139 Cal. App. 4th at 767). Accordingly, Defendants' assumption of risk defense should be stricken, as it cannot "be pleaded as a standalone affirmative defense" and is therefore "insufficient." *Schmidt*, 2010 U.S. Dist. LEXIS 123053, at *5.

### 4. Comparative Fault is Not a Defense to Plaintiff's Fraud and Negligent Misrepresentation Claims

Plaintiff's assert claims for negligence, fraud, and negligent misrepresentation. Comparative fault is not a defense for claims arising from allegations of deceit—such as Plaintiff's claims for fraudulent and negligent misrepresentation. "In cases like this one which arise from an allegation of deceit, the question of whether the plaintiff's behavior is intentional or negligent is subsumed under the element of reliance." *FDIC v. Luping Lai*, No. 5:11-cv-03313 EJD, 2012 U.S. Dist. LEXIS 2340, at *4–5 (N.D. Cal. Jan. 9, 2012) (citation omitted). "Affirmative defenses based on a theory of comparative fault are, therefore, not only legally insufficient but also unnecessary." *Id.* (citation omitted); *see also Davis*, 2012 U.S. Dist. LEXIS 145402, at *10 ("'[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.'") (quoting *Nguyen I*, 2010 U.S. Dist. LEXIS 104980, at *12). Accordingly, the Second Affirmative Defense should be stricken as immaterial to the extent it applies to Plaintiff's claims for fraud and negligent misrepresentation. *See, e.g., LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804,

829 (N.D. Cal. 2019) ("[C]omparative fault is not a defense to negligent misrepresentation on the facts of this case.").

### 5. Defendants Fail to Plead Sufficient Facts as to How a Comparative Fault Defense Might Apply to Plaintiff's Negligence Claim

To the extent the Second Affirmative Defense raises a comparative fault defense and such is meant to apply to Plaintiff's alleged negligence, Defendants have failed to set forth sufficient facts to demonstrate how Plaintiff was at "fault" for purchasing XRB on the primary exchange for purchasing XRB nor how using this exchange could have contributed to his damages which were caused by the failures in XRB's protocol and the exchange's security. Accordingly, if the Second Affirmative Defense is one of comparative fault and is asserted as to Plaintiff's negligence claim, it should be stricken as insufficient but *with leave to amend* so that Defendants can allege additional facts as to how the defense applies to Plaintiff's negligence claim. *See*, *e.g.*, *Rodriguez v. Brown*, No. 1:15-cv-01754-LJO-EPG (PC), 2017 U.S. Dist. LEXIS 41678, at *8–9 (E.D. Cal. Mar. 22, 2017) ("As plaintiff indicates, the defense fails to set forth any facts that indicated Plaintiff contributed to his damages . . . . The Court recommends the fifth affirmative defense be stricken without prejudice with leave to amend.") (citing *Leos v. Rasey*, No. 1:14-cv-02029 LJO JLT (PC), 2016 U.S. Dist. LEXIS 38972, at *7 (E.D. Cal. Mar. 24, 2016) ("Defendants claim Plaintiff contributed to his injuries and that he has failed to mitigate his damages. Once again, Defendants fail to set forth *any* facts to suggest why they think this is so. Thus, the defenses are STRICKEN.")); *Quintana v. Baca*, 233 F.R.D. 562, 565–66 (C.D. Cal. 2005) ("While this is a proper affirmative defense, the Court does not see how it is applicable to this case; *i.e.* how fault for the alleged floor-residing injury could be apportioned between the plaintiff and the defendant. Either the defendant failed to provide the plaintiff with sufficient seating, and this amounts to a constitutional violation, or he did not.").

### C.    The Third Affirmative Defense (Failure to Mitigate) Should Be Stricken As Insufficient

Defendants' **Third Affirmative Defense** (failure to mitigate) asserts:

> Plaintiff failed to take reasonable steps to minimize or prevent the damages he claims to have suffered.

Ans. 4.

"'The doctrine of mitigation of damages prevents an injured party from recovering damages that the injured party could have avoided if it had taken reasonable efforts after the wrong was committed.'" *Ansari v. Elec. Document Processing, Inc.*, No. 5:12-CV-01245-LHK, 2013 U.S. Dist. LEXIS 24776, at *12–13 (N.D. Cal. Feb. 22, 2013) ("*Ansari II*") (quoting *Smith v. Ardew Wood Products, Ltd.*, C07-5641 FDB, 2009 U.S. Dist. LEXIS 124882, at *5 (W.D. Wash. Jan. 5, 2009)). "'Mitigation-of-damages allegations must plausibly show that a claimant could have mitigated his damages with certain "reasonable efforts after the wrong was committed."'" *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. 15-cv-01893-HRL, 2016 U.S. Dist. LEXIS 69996, at *8 (N.D. Cal. May 26, 2016) (quoting *Ansari II*, 2013 U.S. Dist. LEXIS 24776, at *1).

Here, Defendants failed to include any factual allegations whatsoever in support of their "failure to mitigate" defense, let alone facts sufficient to plausibly show that Plaintiff could have mitigated his damages. "Without these basic factual allegations, Plaintiff cannot ascertain the grounds for Defendants' various affirmative defenses and is thus deprived of fair notice." *Perez*, 2012 U.S. Dist. LEXIS 41080, at *37. Accordingly, the Defendants' "failure to mitigate" defense should be stricken as insufficient. *See, e.g.*, *Fishman*, 2018 U.S. Dist. LEXIS 159425, at *10–11 ("Tiger's eighth affirmative defense alleges that '[t]o the extent [plaintiffs] suffered any damages . . . [plaintiffs] failed to take the steps necessary to mitigate the damages sustained.' . . . As pleaded, this allegation simply restates the law but asserts no facts that could notify plaintiffs of what opportunities they had to mitigate any of their alleged damages. . . . This defense is Stricken.").[1]

**D.  The Fifth Affirmative Defense (Set Off) Should be Stricken as Insufficient and Because Set Off is Not an Affirmative Defense**

Defendants' **Fifth Affirmative Defense** (set off) asserts:

People or entities other than the Defendants, including but not limited to Francesco Firano, BG Services, S.R.L., BitGrail S.R.L., and/or Webcoin Solutions, caused or

---

[1] *See also Freedom Equity Grp., LLC*, 2016 U.S. Dist. LEXIS 69996, at *8 ("FEG's unsupported legal conclusion fails to plausibly show FFS could have mitigated its damages with certain reasonable efforts. The court therefore rules that the tenth affirmative defensive is insufficiently pled."); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-05718, 2011 U.S. Dist. LEXIS 144435, at *4 (N.D. Cal. Dec. 15, 2011) ("*Nguyen II*") (striking failure to mitigate defense because defendant failed to "state what damages could have been mitigated and how Plaintiff failed to do so").

Case 4:19-cv-00054-YGR   Document 84-1   Filed 12/23/19   Page 15 of 20

contributed to the damages Plaintiff claims to have suffered. Therefore any award made in favor of Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint. Moreover, the Defendants are entitled to a set off if additional investigation uncovers wrongful conduct and money owed to the Defendants.

Ans. at 4.

First, the Fifth Affirmative Defense should be stricken because it lacks factual support as to how any of Plaintiff's claims are subject to set off. *See, e.g.*, *Smith v. Bank of N.Y. Mellon*, No. C19-0538-JCC, 2019 U.S. Dist. LEXIS 126913, at *10–11 (W.D. Wash. July 30, 2019) ("This assertion, with no factual support alleging which claims are subject to setoff or recoupment, is insufficient to give Plaintiff fair notice of the defense made against her. The Court STRIKES Defendants BONY and Shellpoint's ninth affirmative defense with leave to amend."); *see also*, *Kaur v. City of Lodi*, No. 2:14-cv-00828-GEB-AC, 2015 U.S. Dist. LEXIS 126023, at *6 (E.D. Cal. Sep. 18, 2015) ("A bare assertion of negligence or contributory fault 'without any indication of the conduct supporting the defense does not pass muster, even under the fair notice standard.' . . . Here, Defendants do not indicate any conduct supporting this affirmative defense. Therefore, Defendants' ninth affirmative defense is stricken.") (quoting *Devermont v. City of San Diego*, No. 12-CV-01823 BEN (KSC), 2013 U.S. Dist. LEXIS 83495, at *17 (S.D. Cal. June 12, 2013)).

Second, to the extent that the Fifth Affirmative Defense asserts that unspecified third-parties are responsible for Plaintiff's damages, the defense should be stricken because "the proper vehicle for such a claim is not an affirmative defense but a claim against those third parties for indemnity and contribution." *JPMorgan Chase Bank, N.A. v. Parkside Lending, LLC*, No. C 12-5197 PJH, 2013 U.S. Dist. LEXIS 16981, at *4 (N.D. Cal. Feb. 7, 2013); *see also Reiffer v. HGM Holdings LLC*, No. 1:18-cv-1058-LJO-BAM, 2019 U.S. Dist. LEXIS 10147, at *7 n.4 (E.D. Cal. Jan. 22, 2019) ("[T]he Fourth and Tenth affirmative defenses attribute responsibility for Plaintiff's injuries to acts performed by other parties that Defendant is not responsible for without any indication as who these other parties are and how they relate to the copyright infringement claim alleged against Defendant.").

Third, the Fifth Affirmative Defense should be stricken because it is an attempt to deny the FAC's allegations that the Defendants had control over Defendants Francesco Firano, BG Services, S.R.L., BitGrail S.R.L., and/or Webcoin Solutions (the "BitGrail Defendants"). That is, the Fifth

10   Case No. 4:19-cv-00054-YGR
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO STRIKE AFFIRMATIVE DEFENSES RAISED IN DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT

Affirmative Defense asserts that set off is warranted because the BitGrail Defendants caused or contributed to Plaintiff's damages. To assert such a defense, Defendants would need to establish that they had no control over the BitGrail Defendants, which they have failed to even allege. *See, e.g.*, *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 491 (S.D. Cal. 2013) ("Defendants contend that 'Plaintiff[s'] damages, if any, were caused by the actions or inactions of others whom these answering Defendants had no control.' [] Defendants fail to give Plaintiffs any indication as to who the 'others' referred to are, their relationship to them, or how they lacked control over them."). To the extent that Defendants seek to argue that they did not have control over the BitGrail Defendants, such would constitute an improper affirmative defense because "denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.'" *Jones*, 2017 U.S. Dist. LEXIS 195467, at *26–27 (quoting *Nguyen I*, 2010 U.S. Dist. LEXIS 104980, at 12).

### E. The Sixth Affirmative Defense (Apportionment) and Tenth Affirmative Defense (Indemnification) Should Be Stricken as They are Not Affirmative Defenses

The **Sixth Affirmative Defense** (apportionment) asserts:

> Defendants other than Hieusys, LLC, Colin LeMahieu, Mica Busch, Troy Retzer, and Zack Shapiro caused or contributed to the damages Plaintiff claims to have suffered. Therefore any award made in favor of Plaintiff must be divided between the defendants so that each pays only his or its fair share in relationship to his or its amount of fault.

Ans. at 4.

The Sixth Affirmative Defense should be stricken because apportionment is not a defense to liability and thus, is not an affirmative defense. *See, e.g.*, *Bank of N.Y. Mellon*, 2019 U.S. Dist. LEXIS 126913, at *11-12 ("Defendants . . . assert that 'should Plaintiff prevail against Defendants, Defendants' liability is several and limited to their own actionable segment of fault, if any.' [] Apportionment of liability is not a defense to liability itself.") (citation omitted). As explained by the *Smith* Court:

> While the "Court has discretion to use equitable factors in apportioning damages . . . the Court's discretion in apportioning damages among the defendants during the contribution phase does not effect the defendants' liability.' Therefore, Defendants have not asserted an affirmative defense to their liability against Plaintiff's claims.

> The Court STRIKES Defendants' eleventh affirmative defense without leave to amend."

*Id.* (quoting *United States v. Stringfellow*, 661 F. Supp. 1053, 1060 (C.D. Cal. 1987)).[2]

Likewise, Defendants' **Tenth Affirmative Defense** (indemnification) should also be stricken, as it is not an affirmative defense. The Tenth Affirmative Defense asserts:

> The damages the Plaintiff claims to have suffered were entirely or almost entirely caused by the acts or omissions of actors other than the Defendants, including but not limited to Francesco Firano, BG Services, S.R.L., BitGrail S.R.L., and/or Webcoin Solutions, and thus the Defendants are not responsible for Plaintiff's claimed damages.

Ans. at 5.

"Indemnification is not an affirmative defense, 'but rather a claim that must be pleaded and proved.'" *Nguyen II*, 2011 U.S. Dist. LEXIS 144435, at *7 (quoting *J & J Sports Prods. v. Vizcarra*, No. 11-1151 SC, 2011 U.S. Dist. LEXIS 109732, at *7 (N.D. Cal, Sep. 27, 2011) ("If Defendants believe they are entitled to indemnification by Direct TV, then they must bring an action against Direct TV. Accordingly, the Court strikes Defendants' second and fifth affirmative defenses with prejudice.") (citing *Norddeutscher Lloyd v. JonesStevedoring Co.*, 490 F. 2d 648, 650 (9th Cir. 1973))). Based on the foregoing, the Sixth Affirmative Defense and Tenth Affirmative Defense should each be stricken.

**F.  The Eighth Affirmative Defense (Laches) Should be Stricken as Insufficient**

Defendants' **Eighth Affirmative Defense** (laches) asserts:

> Plaintiff waited too long to file this lawsuit, making it difficult or impossible for the Defendants to find witnesses or evidence to defend the case.

Ans. at 5.

"In order to establish the defense of laches, a defendant must show '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Righetti v. Cal. Dep't of Corr. & Rehab.*, No. C-11-2717 EMC, 2013 U.S. Dist. LEXIS 64520, at *11 (N.D. Cal. May 6, 2013) (quoting *Costello v. United States,* 365 U.S. 265, 282 (1961)). A laches affirmative defense "should therefore be stricken where, as here, a defendant's allegations 'contain no

---

[2] *See also Doe v. BSA*, 329 F. Supp. 3d 1168, 1188 (D. Idaho 2018) ("Further, although Defendants may introduce evidence of comparative fault and comparative causation as mitigating factors in determining the apportionment of damages, neither serves as a bar to liability and thus such evidence shall not be submitted to support an affirmative defense.").

information about delay or prejudice.'" *Freedom Equity Grp., LLC*, 2016 U.S. Dist. LEXIS 69996, at *9 (quoting *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 291 (N.D. Cal. 2015)). Here, Defendants have failed to include any factual allegations in support of their laches defense. Accordingly, the Eighth Affirmative Defense should be stricken. *See, e.g.*, *Righetti*, 2013 U.S. Dist. LEXIS 64520, at *11 (*"*Since Defendant Benda has failed to plead any facts establishing the prejudice element of the defense of laches, this defense is STRICKEN from his Answer.").

### G. The Ninth Affirmative Defense (Supervening Cause) Should be Stricken as Insufficient

Defendants' **Ninth Affirmative Defense** (supervening cause) asserts:

> The damages Plaintiff claims to have suffered were caused or made worse by an event that occurred after the accident described in the complaint, which constitutes an intervening or supervening cause.

Ans. at 5.

The Ninth Affirmative Defense should be stricken, as it too fails to give Plaintiff sufficient notice as to what "supervening cause" gives rise to the defense. *See, e.g.*, *J & J Sports Prods. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075, at *10 (N.D. Cal. Apr. 25, 2011) ("Defendant does not indicate who, besides defendant, may have caused plaintiff's damages. In addition, she does not indicate what conduct by plaintiff or third parties allegedly caused the damages.") (citing *Nguyen I*, 2010 U.S. Dist. LEXIS 104980, at *5 (finding the defense of "superseding acts of third persons" to be insufficiently pled because the defendants did not identify any superseding acts of third persons)).

Furthermore, to the extent the Ninth Affirmative Defense attempts to argue that Plaintiff's damages were not "caused" by Defendants, the defense should be stricken as an attempt to dispute the causation element of Plaintiff's claims. *See*, *e.g.*, *Hiramanek v. Clark*, No. 13-00228, 2015 U.S. Dist. LEXIS 19985, at *5 (N.D. Cal. Feb. 18, 2015) ("Proximate cause: This is not an affirmative defense and is stricken with prejudice.") (citing *Zivkovic*, 302 F.3d at 1088) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.")).

### H. The Additional Affirmative Defense (Reservation to Add Affirmative Defenses) Should be Stricken as Insufficient

Defendants' Answer attempts to assert an **affirmative defense in addition to the ten express**

**affirmative defenses** discussed *supra*. Specifically, the Answer asserts:

> The Defendants expressly reserve the right to amend this Answer and Affirmative Defenses to add or remove defenses and Affirmative Defenses as the case progresses and discovery is taken.

Ans. at 5.

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. May 8, 2009) (citing *Reis Robotics U.S.A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006)); *see also Ansari I*, 2012 U.S. Dist. LEXIS 128622, at *15 ("Defendants' twenty-fourth defense merely attempts to reserve the right for Defendants to raise available affirmative defenses 'as they become ascertained.' [] This is not an affirmative defense.") (citing *Perez*, 2012 U.S. Dist. LEXIS 41080, *40). If Defendants wish to add affirmative defenses at a later point, "they must comply with Rule 15 of the Federal Rules of Civil Procedure." *Solis*, 2009 U.S. Dist. LEXIS 43350, at *19. "Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'" *Id*. (finding defendants' eighth affirmative defense "insufficient as a matter of law" and ordering "defendants' eighth affirmative defense is STRICKEN WITH PREJUDICE").

## CONCLUSION

For the foregoing reasons, each of Defendants' Affirmative Defenses to the First Amended Complaint should be stricken; and the Court should enter all relief as is deemed just and proper.

Dated: December 23, 2019                    Respectfully submitted,

                                              **LEVI & KORSINSKY, LLP**

                                      By: */s/ Donald J. Enright*
                                              Donald J. Enright (admitted *pro hac vice*)
                                              John A. Carriel (admitted *pro hac vice*)
                                              **LEVI & KORSINSKY, LLP**
                                              1101 30th St., NW, Ste. 115
                                              Washington, DC 20007
                                              Telephone: (202) 524-4292
                                              Facsimile: (202) 333-2121

                                              Rosanne L. Mah

**LEVI & KORSINSKY, LLP**
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

David C. Silver (admitted *pro hac vice*)
Jason S. Miller*
Todd R. Friedman (admitted *pro hac vice*)
**SILVER MILLER**
11780 W. Sample Road
Coral Springs, FL 33065
Telephone: (954) 516-6000
* to be admitted *pro hac vice*