**SCOOLIDGE PETERS RUSSOTTI & FOX LLP**
Peter Scoolidge (NY 4682100)
peter@sprfllp.com
Peter Fox (NY 4832606)
pfox@sprfllp.com
2 Park Avenue
New York, NY 10016
(212) 729-7708 tel
*Attorneys for Defendants Hieusys, LLC,*
*Colin LeMahieu, Troy Retzer, and Mica Busch*

**ZUCKERMAN SPAEDER LLP**
Shawn Naunton (NY 3958691)
snaunton@zuckerman.com
485 Madison Avenue
New York, NY 10022
(212) 704-9600 tel
*Attorneys for Defendant Zack Shapiro*

**CORNERSTONE LAW GROUP**
Paul J. Byrne (SBN 190860)
pbyrne@cornerlaw.com
351 California St Ste 600
San Francisco CA 94104
(415) 357-2094 tel
(415) 655-8238 fax
*Attorneys for Defendants Hieusys, LLC, Colin*
*LeMahieu, Troy Retzer, Mica Busch, and Zack Shapiro*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FABIAN, individually; and on behalf of All Others Similarly Situated; <br><br> *Plaintiff,* <br><br> v. <br><br> NANO f/k/a RAIBLOCKS f/k/a HIEUSYS, LLC; COLIN LEMAHIEU; MICA BUSCH; ZACK SHAPIRO; TROY RETZER; BG SERVICES, S.R.L. f/k/a BITGRAIL S.R.L. f/k/a WEBCOIN SOLUTIONS; AND FRANCESCO "THE BOMBER" FIRANO, <br><br> *Defendants.* | § Case Number: 4:19-cv-54-YGR <br> § <br> § **DECLARATION OF** <br> **MONICA IACOVIELLO** <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**DECLARATION OF MONICA IACOVIELLO**

I, Monica Iacoviello, make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, and declare the following to be true:

1. I am a partner and bankruptcy attorney at the law firm of Bonelli Erede Lombardi Pappalardo - Studio Legale ("Bonelli Erede") in Milan, Italy.

2. My firm represented the principal creditor, Eirik Ulversøy, before the Tribunale di Firenze in Italy ("Court of Florence") in Bankruptcy Docket Nos. 178/2018 + 205/2018 and 179/2018 + 505/2018 against Francesco Firano, as the owner of the sole proprietorship Webcoin Solutions di Francesco Firano ("Mr. Firano"), and BG Services Società a Responsabilità Limitata (an Italian Limited Liability Company) (formerly Bitgrail S.r.l.) ("BG Services"). I was one of the principal attorneys at Bonelli Erede handling this case. My firm and I now represent Mr. Ulversøy before the Court of Appeal of Florence in the appellate cases with Bankruptcy Docket Nos. 358/2019 and 361/2019, which were initiated by Mr Firano and BG Services to challenge the opinions issued by the Court of Florence.

3. Following the announcement that Bitgrail – Italy's largest cryptocurrency exchange at the time – had been hacked, there was a great deal of press attention. I attach, as Exhibit 1, a portfolio of articles from the Italian press regarding the hack. For example, articles that appeared in February 2018 in two of Italy's most important newspapers, *Il Sole 24 Ore* and *La Repubblica*, feature headlines such as "«The Italian Job» of Cryptocurrencies, 170 Million Vanished into Thin Air" (Ex. 1, at 10), "Italian Police Unit on Cybercrime Opens an Investigation into 150 Million Nanos that Disappeared" (Ex. 1, at 11), and "Cryptocurrencies, 200 Million Dollar Theft on an Italian Exchange" (Ex 1, at 55). According to these articles, the Public Prosecutor's Office in Florence, with the assistance of the Italian police unit specialized in fraud and cybercrime, opened an investigation into Bitgrail's collapse and Mr. Firano's role in it. I understand that the ongoing criminal investigation into Mr. Firano is being managed by Mr. Sandro Cutrignelli and Mr. Fabio Di Vizio of the Public Prosecutor's Office. Details of criminal investigations are not public.

4.      On April 26, 2018, my firm filed the first bankruptcy petition against Mr. Firano (in his capacity as sole proprietor and manager of Webcoin Solutions di Francesco Firano) and BG Services in Florence, Italy, where both Mr. Firano and BG Services were located. On May 2, 2018, the Bankruptcy Division of the Court of Florence granted an *ex parte* injunction against BG Services in Florence, seizing all of BG Services' known assets (including various accounts that held crypto and fiat currency) and appointing Mr. Tommaso Ariani, a lawyer with offices in Florence, to act as special administrator and custodian of Bitgrail's assets. On May 10, 2018, the Bankruptcy Division of the Court of Florence granted the *ex parte* motion filed by the Public Prosecutor's Office in Florence and seized all of Mr. Firano's known assets (including a significant amount of crypto and fiat currency from various personal accounts). An article that appeared in *La Repubblica* on May 29, 2018, with the headline "Financial and Virtual Assets of Bitgrail.com's Creator Seized", is part of the media portfolio attached as Exhibit 1 (Ex. 1, at 34).

5.      On January 21, 2019, the Bankruptcy Division of the Court of Florence found both Mr. Firano and BG Services to be bankrupt. Attached as Exhibits 2 and 3 to this declaration are the certified copies of Opinion Nos. 17/2019 and 18/2019 of the Court of Florence in Bankruptcy Docket Nos. 178/2018 + 205/2018 ("Ex. 2" – Firano) and 179/2018 + 505/2018 ("Ex. 3" – BG Services), which I received from the Court (the "Certified Opinions"). I also caused the Certified Opinions to be translated into English using a certified translation service, Lawlinguists S.r.l., which my law firm uses in the regular course of business to translate legal documents. The translated copies are attached hereto as Exhibits 2A and 3A respectively. Bitgrail and Mr. Firano have challenged the Certified Opinions before the Court of Appeal of Florence, and a decision on the appeals is expected in the next few months; pending the decision on the appeals, the Court of Appeal of Florence has not stayed the bankruptcy proceedings.

6.      In Italy, an individual or business organization is legally bankrupt when that person or business cannot pay down their liabilities as they come due and, at the same time, the person/business

exceeds any of the following thresholds: (a) more than EUR 300,000 of annual assets in one of the last three financial years; (b) more than EUR 200,000 of annual revenue in one of the last three financial years; or (c) more than EUR 500,000 of debts. A judicial inquiry into whether someone is bankrupt may require the court to determine the scope and nature of that person's liabilities. Such was the case with respect to BG Services and Mr. Firano. In order to declare BG Services and Mr. Firano to be bankrupt, the Court of Florence was required to make two essential findings: (1) that the cryptocurrency on the exchange constituted an "irregular deposit" (rather than a "regular deposit") such that the exchange (rather than its users) was deemed to be the owner of its users' cryptocurrency and at the same time to have a debt to each user for the entire amount of cryptocurrency each user deposited, and (2) that BG Services and Mr. Firano were responsible for the loss of Bitgrail users' cryptocurrency when the exchange was hacked. The Court made both of these findings. (Ex. 3A at 16 ("[T]he deposit was an irregular deposit, and [] the custodian was obliged to make available to the holders the full quantity originally deposited, with a 100% cash ratio.")); (Ex. 2A at 21-22 ("Mr Firano is liable for not implementing suitable safeguards to avoid the loss.")).

7.    The Court of Florence appointed Mr. Tommaso Ariani (the former special administrator and custodian of Bitgrail's and Firano's assets) and Mr. Giampiero Castaldi (tax expert and accountant with offices in Florence) as the bankruptcy trustees. The trustees now manage all of Bitgrail's and Firano's known assets. I understand that their role is analogous to that of a bankruptcy "trustee" in the United States.

8.    As it appears from the Court Opinions, in determining that both BG Services and Firano are bankrupt, the Court of Florence relied on the following categories of evidence: (1) commercial records of the two Italian companies that owned and operated Bitgrail (BG Services S.r.l. and a predecessor entity, Webcoin Solutions di Francesco Firano, sole proprietorship); (2) submissions by the parties to the Bankruptcy, including the Public Prosecutor's Office, which had intervened in the case and provided the Court of Florence with the findings of Italian law

enforcement, which investigated the Bitgrail hack; and (3) an in-depth report provided by a court-appointed expert witness, Paolo Dal Checco, PhD – Forensic Computer Consultant, Computer Forensic Examinations and Digital Investigations. Mr. Dal Checco made his own findings and reviewed the findings of three other expert witnesses: (1) the Public Prosecutor's expert witness; (2) Mr. Firano's expert witness; and (3) the creditor's expert witness. Based on the reasoning of the Court Opinions, it appears that Mr. Dal Checco further reviewed social media records of both Mr. Firano and the Nano team, the Nano software itself and the Bitgrail exchange software itself. To my understanding, Mr. Dal Checco and all of the other expert witnesses reside in Italy. While the bankruptcy decisions are public, the underlying expert reports and specific materials seized by Mr. Ariani (the bankruptcy trustee) are not public.

9. To my knowledge, Mr. Firano also continues to reside in Italy, as does his partner in BG Services, Mr. Andrea Davoli. I attach, as Exhibit 4, BG Services' company profile extracted from the Italian Companies' Register of the Florence Chamber of Commerce, with Mr. Firano and Mr. Davoli addresses listed on page 5.

10. The liquidation process of the estates of BG Services and Mr. Firano is ongoing. The Bankruptcy Division of the Court of Florence scheduled two hearings: one for Firano/WebCoin on March 12, 2020 and one for Bitgrail on April 16, 2020. Creditors have until 30 days before each hearing to file a proof of claim (i.e., unless the hearings are postponed, February 11, 2020 for Firano/WebCoin and March 17, 2020 for Bitgrail).

11. Fifteen days before each hearing (i.e., February 26, 2020 and April 1, 2020), the trustees will examine the claims and divide the creditors into two temporary classes: (a) creditors admitted to participate in the distribution of the assets (for all or part of the amount claimed, depending on whether the claim is proved in its entirety); and (b) creditors not admitted to participate in the distribution of the assets (as they failed to prove their claim). Usually trustees publish the list of admitted and not admitted creditors, therefore, the identity of all of the creditors who have filed

claims against the estates of BG Services and Mr. Firano should be released by the trustees fifteen days prior to the respective hearing dates scheduled by the Court of Florence.

12. At the hearings, the Court approves the lists of admitted and excluded creditors, which become definitive. Any creditor excluded from the definitive list may initiate ordinary proceedings to challenge the exclusion.

Dated: December 23, 2019
Milan, Italy

Monica Iacoviello
Bonelli Erede
via Barozzi 1
20122 Milano. Italia
+39 02 771131
monica.iacoviello@belex.com