**SCOOLIDGE PETERS RUSSOTTI & FOX LLP**
Peter Scoolidge (NY 4682100)
peter@sprfllp.com
Peter Fox (NY4832606)
pfox@sprfllp.com
2 Park Avenue - 20th Floor
New York, NY 10016
(212) 729-7708 tel
*Attorneys for Defendants Hieusys, LLC,*
*Colin LeMahieu, Troy Retzer, and Mica Busch*

**ZUCKERMAN SPAEDER LLP**
Shawn Naunton (NY 3958691)
snaunton@zuckerman.com
Devon Galloway (NY 5459896)
dgalloway@zuckerman.com
485 Madison Avenue
New York, NY 10022
(212) 704-9600 tel
*Attorneys for Defendant Zack Shapiro*

**CORNERSTONE LAW GROUP**
Paul J. Byrne (SBN 190860)
pbyrne@cornerlaw.com
351 California St Ste 600
San Francisco CA 94104
(415) 357-2094 tel
(415) 655-8238 fax
*Attorneys for Defendants Hieusys, LLC, Colin*
*LeMahieu, Troy Retzer, Mica Busch, and Zack Shapiro*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FABIAN, individually; and on behalf of All Others Similarly Situated;<br><br>    *Plaintiff*,<br><br>    v.<br><br>NANO f/k/a RAIBLOCKS f/k/a HIEUSYS, LLC; COLIN LEMAHIEU; MICA BUSCH; ZACK SHAPIRO; TROY RETZER; BG SERVICES, S.R.L. f/k/a BITGRAIL S.R.L. f/k/a WEBCOIN SOLUTIONS; AND FRANCESCO "THE BOMBER" FIRANO,<br><br>    *Defendants*. | Case Number: 4:19-cv-54-YGR<br><br>**OPPOSITION OF DEFENDANTS HIEUSYS, LLC, COLIN LEMAHIEU, MICA BUSCH, TROY RETZER, AND ZACK SHAPIRO TO PLAINTIFF'S MOTION TO WITHDRAW**<br><br>**DATE:  October 13, 2020**<br>**TIME:  2:00 p.m.** |

**INTRODUCTION**

The timing of Plaintiff James Fabian's motion to withdraw is notable.  For nearly two years, Mr. Fabian and his attorneys have represented that he is an adequate class representative, implicitly assuring the Court that they were proceeding in good faith and that Mr. Fabian was a *bona fide* party with an active role in steering the case.  However, on August 7, 2020, Mr. Fabian admitted in his deposition that he has no idea what is happening in the case.  Mr. Fabian also admitted that many of the statements in the amended complaint that he had identified as the basis for his fraud claims are not false or misleading.  Worse yet, Mr. Fabian's counsel have refused to produce documents called for by the Nano Defendants[1] in discovery requests and at Mr. Fabian's deposition to substantiate Mr. Fabian's claims that he in fact had an account on BitGrail.  To date, Mr. Fabian has not produced *any* documentary evidence showing that he had an account on BitGrail or transacted in Nano coins.  Against this background, Mr. Fabian now seeks to flee the case he pressed against the Defendants (at great expense) for nearly two years and to preserve his right to collect on any favorable outcome.  Defendants agree that Mr. Fabian should be allowed to withdraw from the case, but respectfully request that the Court exercise its discretion to dismiss Mr. Fabian's claims *with* prejudice and also require him to pay attorneys' fees and costs for his deposition and to tax costs in favor of the Defendants as prevailing parties under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

**FACTS**

Mr. Fabian filed this case nearly two years ago in January 2019, alleging that he was a BitGrail account holder who had lost Nano Coins in a 2017 hack.  Since that time, this action has been actively litigated by both sides.  The Court has dismissed Mr. Fabian's untimely securities law claims and all but three of his nine common law claims.[2]  Discovery has been taken.  Mr. Fabian moved to strike the Defendants' responses and objections to his document requests, and challenged Magistrate Judge

---

[1] Defendants Hieusys, LLC, Colin LeMahieu, Troy Retzer, Mica Busch, and Zack Shapiro are referred to herein as "Defendants" or the "Nano Defendants."

[2] *See* Order Granting in Part and Denying in Part Mot. To Dismiss (Dkt. No. 66).

NANO DEFENDANTS' OPP. TO MOT. TO WITHDRAW

Case No: 4:19-cv-54-YGR

Kim's opinion denying his motion.[3]  Mr. Fabian's counsel inexplicably sought to add new plaintiffs to this action via a motion to consolidate the action with the newly filed (and immediately dismissed) *Clemens* action, instead of moving to amend the Complaint in this matter under Rule 15.  Counsel now just as inexplicably seeks to add those same new plaintiffs to this action via a motion to intervene instead of moving under Rule 15.[4]  Mr. Fabian's misguided and often baseless motion practice has necessitated the expenditure of substantial time and resources by this Court and the Defendants.

On August 7, 2020, Mr. Fabian was deposed in connection with his pending motion for class certification.  His testimony revealed that he had very little familiarity with the details of the case, had no idea that many of his claims had been dismissed, and was also unaware of the identities of many of the defendants.[5]  Mr. Fabian and his counsel also conceded at his deposition that Mr. Fabian does not appear to have certain types of documents, such as account opening and trade confirmations, evidencing his ownership of a BitGrail account.[6]  The only documents Mr. Fabian has produced thus far evidencing any account on BitGrail are screenshots of an account balance, which appear to have been taken on Mr. Fabian's computer but have no identifying information and therefore could be anyone's account.[7]

Prior to Mr. Fabian's class certification deposition, on May 29, 2020, the Nano Defendants served their first set of requests for the production of documents, which included requests seeking documents substantiating Mr. Fabian's claims that he was a BitGrail account holder or transacted on the BitGrail exchange.[8]  Both during and after Mr. Fabian's August 7 deposition, the Nano Defendants

---

[3] *See* Joint Discovery Ltr. Br. (Dkt. No. 117); Pl's Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 128).

[4] *See* Mot. to Intervene (Dkt. No. 151).

[5] Opp. to Mot. to Consolidate (Dkt. No. 147), at 4-5 & nn.27-34.

[6] Ex. E to Decl. of Peter Fox (Fox Decl.") (Dkt. No. 135-5), at 140:1-6 ("**Mr. Enright:** I just wanted to say that there's no way of knowing that [a BitGrail account confirmation] existed at all at this time. I believe Mr. Fabian searched for documents in his email relating to BitGrail.  If it turned up, it would have been produced.").

[7] *Id.* at 135:3-9 (admitting that the BitGrail account depicted on the screenshot did not have name or other identifying information).

[8] *See* Ex. D to Fox Decl. (Dkt. No. 135-4), at 6.

repeatedly called for production of documents showing Mr. Fabian's ownership of a BitGrail account.[9]  Following Mr. Fabian's deposition, defense counsel sent Mr. Fabian's counsel approximately five emails following up on the demand for production, which were met with assurances that a search was underway or other dilatory responses.[10]  However, no further production has been made, Mr. Fabian's counsel have avoided answering follow-up inquiries about documents showing Mr. Fabian's account ownership, and now Mr. Fabian seeks to withdraw from the case before the Nano Defendants have an opportunity to address his inability to support his claims.

Also during Mr. Fabian's deposition, he admitted that many of the alleged false statements on which his and the putative class's fraud and negligent misrepresentation claims are based are in fact not false or misleading.[11]  This admission stands in stark contrast to Mr. Fabian's counsel's refusals to admit that such statements were not false or misleading and begs the question of why counsel have been unwilling to concede that the statements – most of which have nothing to do with BitGrail – are not a basis for claims sounding in fraud.  Mr. Fabian's admissions in this regard are grounds for summary judgment in the Nano Defendants' favor on those claims – which, should Mr. Fabian remain in the case, the Nano Defendants will seek at the appropriate time.

On September 7, 2020, Mr. Fabian filed the instant motion seeking to withdraw as a plaintiff in this matter and seeking to preserve his claims as dismissed without prejudice.[12]  Mr. Fabian's declaration in support of his motion to withdraw lacks any substantive reason for his decision and does not address the fact that only about 30 days earlier he had sworn that he was ready, willing, and able to be the class representative.[13]  Nor does Mr. Fabian explain what happened in the interim that impacted his decision-making process.  Nor does Mr. Enright's declaration in support of the instant motion seek to explain how experienced class counsel could make such a big mistake in picking a class

---

[9] *See* Ex. 1 to Decl. of Peter Scoolidge ("Scoolidge Decl.") (PDF 4-6/16); Ex. 2 to Scoolidge Decl. (PDF 8-10/16).

[10] *Id.*

[11] Opp. to Mot. to Consolidate (Dkt. No. 147) at 5-6 & nn.35-36.

[12] Mot. to Withdraw (Dkt. No. 150).

[13] *See* Decl. of James Fabian (Dkt. No. 150-2) at ¶ 3.

representative and wasting everyone's time and money with that representative for almost two years when in fact the representative did not really want to represent the class after all.  Nor does Mr. Enright's declaration, or the motion papers, explain why the Nano Defendants are not entitled to recover their fees and costs in connection with Mr. Fabian's deposition.

**ARGUMENT**

### 1.  LEGAL STANDARD

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, once a defendant has filed an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[14]  "The purpose of Rule 41(a)(2) 'is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal.'"[15]  Thus, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[16]  The Ninth Circuit has held "that 'legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'"[17]  "In resolving a motion under Rule 41(a)(2), the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed."[18]  The standard on appellate review is abuse of discretion.[19]

### 2.  THE MOTION TO WITHDRAW SHOULD BE GRANTED DISMISSING MR. FABIAN'S CLAIMS *WITH* PREJUDICE AND CONDITIONED ON PAYMENT OF ATTORNEYS' FEES AND COSTS ASSOCIATED WITH HIS DEPOSITION.

The Nano Defendants do not dispute that his case should be dismissed.  However, the Nano Defendants urge the Court to dismiss Mr. Fabian's claims with prejudice and require Mr. Fabian to pay the attorneys' fees and costs incurred in connection with his deposition to the Nano Defendants as

---

[14] Fed. R. Civ. P. 41(a)(2).

[15] *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

[16] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[17] *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

[18] *Sherman v. Yahoo! Inc.*, No. 13cv0041-GPC-WVG, 2015 WL 473270 at *2 (S.D. Cal. Feb. 5, 2015) (citing Fed R. Civ. P. 41(a)(2)).

[19] *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

- 4-

a condition of dismissal and award other costs under Rule 54(d)(1).  This result would be consistent with case law from this Circuit.

"Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action."[20]  Courts should consider the following factors when determining whether dismissal should be with or without prejudice:  "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal."[21]

Regarding the first factor – the defendants' effort and expense – the Nano Defendants have expended much time and effort defending this case.  As the Court no doubt recalls, Mr. Fabian not only filed his now-dismissed principal Securities Act claims after the statute of limitations had expired – he fought to maintain those claims and necessitated two motions to dismiss.[22]  Mr. Fabian also delayed the proceedings by insisting that discovery was necessary for class certification (not one item produced by the Nano Defendants was cited in the motion for class certification)[23] and filing time-wasting motions over discovery issues.[24]  His attorneys have now twice sought to add new plaintiffs to this case, both times failing to use the appropriate procedural mechanism (the second time on notice of the proper mechanism from the Court).[25]  And the Nano Defendants were obligated to take discovery of and depose Mr. Fabian, which process was also fraught with obstruction by Mr. Fabian's counsel.

---

[20] *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) (internal citation omitted).

[21] *Id.* at 1443–44 (alteration in original) (internal citation omitted).

[22] *See* Order Granting Mot. to Dismiss (Dkt. No. 56); Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint (Dkt. No. 66).

[23] *See infra* note 26.

[24] Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 128); Mot. to Compel Third Party Discovery (Dkt. No. 114).

[25] Order: (1) *Sua Sponte* Relating *Clemens* Action; (2) Denying Motion to Consolidate; and (3) Dismissing Without Prejudice *Clemens* Action (Dkt. No. 149) at 1-2 (pointing out that Rule 15 is the proper Rule under which to add plaintiffs in this matter).

To date, the Nano Defendants have incurred $372,045 in attorneys' fees and $11,086 in costs defending against Mr. Fabian's claims.[26]  This factor weighs in favor of dismissal with prejudice.

Regarding the second factor – delay and lack of diligence by the plaintiff in prosecuting the action – Mr. Fabian has sought numerous delays in this case, refused to concede clear issues, and his counsel now seek even further delay on class certification.  Mr. Fabian's counsel have repeatedly sought adjournments by the Court at the last minute and cancelled meet and confer conferences with no explanation also at the last minute.  Mr. Fabian also necessitated two motions to dismiss his untimely securities law claim when the claim never should have been filed in the first place.  Mr. Fabian's counsel also represented to the Court that they would need substantial time to take discovery for class certification purposes[27] and even obtained an extension from the Court for this purpose, but then did not seek or use any discovery at all related to class certification issues.[28]  Rather, Mr. Fabian's counsel served subpoenas on multiple third-party financial institutions, which appears to have been for the purpose of late diligence on the Defendants' assets.[29]  Thus, this factor also weighs in favor of dismissal with prejudice.

Regarding the third factor – the plaintiff's explanation for seeking withdrawal – Mr. Fabian provides little to explain his motive for suddenly bailing out of the case.  Specifically, only a few weeks after testifying under oath that he was an adequate class representative who could helm this class action,[30] Mr. Fabian now claims to have realized that being a named plaintiff is burdensome and an invasion of his privacy.[31]  Mr. Fabian provides no explanation for the sudden change of heart.  We

---

[26] Scoolidge Decl. at ¶ 3.

[27] Decl. of Donald J. Enright (Dkt. No. 109-1) at ¶ 39 ("If Lead Plaintiff's Motion is not granted, he will be severely prejudiced by the lack of any meaningful discovery *upon which he would base his upcoming motion for class certification* and any other future motions.") (emphasis added).

[28] The motion and supporting papers do not appear to include any document obtained by Mr. Fabian through discovery.  *See* Mot. for Class Certification (Dkt. No. 144).  Nor do they cite any interrogatory response since Mr. Fabian neglected to serve interrogatories until *after* he filed his motion for class certification.

[29] *See, e.g.*, Mot. to Compel Third Party Discovery (Dkt. No. 114) (wherein Mr. Fabian sought to compel non-party Bank of America to produce the Defendants' financial records).

[30] Decl. of James Fabian in Support of Class Certification (Dkt. No. 144-2) at ¶¶ 8-9.

[31] Decl. of James Fabian in Support of Motion to Withdraw (Dkt. No. 150-2) at ¶ 3.

NANO DEFENDANTS' OPP. TO MOT. TO WITHDRAW

Case No: 4:19-cv-54-YGR

1    can only surmise that Mr. Fabian's counsel want to avoid summary judgment on Mr. Fabian's claims

2    based on his failure to provide documents substantiating his status as a BitGrail account holder and/or

3    based on his admissions that *none* of the statements made by Mr. LeMahieu were false or

4    misleading.[32]  Indeed, if Mr. Fabian had not sought to withdraw, the Nano Defendants would have

5    moved for summary judgment at the close of discovery and sought to use the ruling for collateral

6    estoppel purposes against the other 14 plaintiffs that Mr. Fabian's counsel now seek to add to the case.

7    Mr. Fabian's continued presence in the case would also have led to the revelation before the Court that

8    Mr. Fabian was no more prepared to be an adequate lead class plaintiff than anyone off the street who

9    talked to plaintiff's counsel for 30 minutes about the case.  One needs little imagination to envision the

10   discussions and decision-making that took place after Mr. Fabian admitted on the record that he didn't

11   know that two motions to dismiss and a motion for *forum non convenience* had been filed, he didn't

12   know how many claims he had in the case, he didn't know who had authority for settlement decisions,

13   among other things.[33]

14          Finally, Mr. Fabian's request comes while the Nano Defendants renewed demands for

15   documentary evidence of Mr. Fabian's BitGrail account and transaction history.  In *Evenflo Company,*

16   *Inc. v. Augustine*, the court took into account the plaintiff's failure during discovery to produce

17   documents substantiating its claims in dismissing the plaintiff's claims with prejudice.[34]  Mr. Fabian's

18   counsel have refused to provide such documents, at times suggesting that some such documents may

19   exist and at others stating that no such documents exist.[35]  To date, the only document provided by Mr.

20   Fabian is a screenshot of an account balance on BitGrail but no evidence that it was his account.  He

21   similarly has been unable to provide any documents to substantiate his allegations that he purchased,

22   stored, and withdrew Nano Coins from BitGrail – or that he ever owned any Nano Coins ta all.  Based

23   on the inability to produce documents showing an account on BitGrail, one conclusion to be drawn is

24

25   ---

     [32] *See* Opp. to Mot. to Consolidate (Dkt. No. 147) at 5-6 & nn.35-36.

26   [33] *See id.* at 4-5 & nn.27-34.

27   [34] Case No. 14-cv-1630, 2015 WL 7568663 at *5-6 (S.D. Cal. Nov. 24, 2015).

28   [35] *See supra* notes 6, 9.

NANO DEFENDANTS' OPP. TO MOT. TO WITHDRAW                                    Case No: 4:19-cv-54-YGR

1   that Mr. Fabian's counsel did a pre-filing investigation and decided to file this case without any

2   documents showing that Mr. Fabian had an account on BitGrail or owned Nano Coins.  And even if

3   Mr. Fabian's counsel magically attach documents showing a BitGrail account to their reply papers on

4   this motion, the Court should disregard such a submission because the Nano Defendants will not have

5   a chance to test the evidence through further discovery or ascertain the reasons why it was not

6   provided and/or represented to not exist.  Accordingly, this factor also weighs in favor of dismissal

7   with prejudice.

8          Another consideration that the Court should take account of is that if Mr. Fabian's claims are

9   dismissed without prejudice, he will remain entitled to claim on any recovery that a class might

10  eventually obtain.  Because Mr. Fabian has not been able to substantiate his claim of owning Nano

11  Coins, and also because of his admission that none of the statements attributed to Mr. LeMahieu were

12  false or misleading, the Court should at a minimum dismiss Mr. Fabian's claims with prejudice in their

13  entirety and explicitly grant judgment as a matter of law that the statements attributed to Mr.

14  LeMahieu are not a basis for fraud or negligent misrepresentation.  This would both prevent Mr.

15  Fabian from claiming on any recovery and also obviate any further time-waste about statements that

16  are clearly unrelated to BitGrail and not false or misleading.

17         Regarding the Court's ability to impose conditions on Mr. Fabian's withdrawal, courts have

18  discretion to impose a requirement on a plaintiff seeking withdrawal without prejudice to pay the

19  defendants' "appropriate costs and attorneys' fees."[36]  In *Self v. Equinox Holdings, Inc.*, the court

20  imposed a condition that the plaintiff could withdraw without prejudice only upon payment to the

21  defendants in that matter for attorneys' fees and costs incurred for work that would not be useful in

22  ongoing litigation.[37]  Courts have made a clear distinction between requiring a plaintiff to pay fees and

23  costs for wasted work as a condition of withdrawal without prejudice and granting sanctions, the

---

[36] *Evenflo Company, Inc.*, No. 14-cv-1630, 2015 WL 7568663 at *6.

[37] No. 14-CV-4241, 2015 WL 13298146, at *14-16 (C.D. Cal. Jan. 5, 2015) ("Because the court has determined that it is appropriate to dismiss this action without prejudice, and because Self has asserted the same claims in a different action, the court concludes that dismissal should be conditioned on an award to defendants of the attorneys' fees they have incurred for work performed that will be of no benefit to them in the ongoing state court litigation.").

NANO DEFENDANTS' OPP. TO MOT. TO WITHDRAW

Case No: 4:19-cv-54-YGR

former being appropriate and the latter requiring a separate motion.[38]  Here, the money and time spent depositing Mr. Fabian is wasted and his deposition will be of no value in any future litigation.  Also, because this is a putative class action and Mr. Fabian's counsel now have 14 new plaintiffs, the Nano Defendants will potentially be faced with the need to take at least one and as many as 14 additional class representative depositions, which will be duplicative of Mr. Fabian's deposition and discovery. Under the circumstances, it may be more appropriate to require Mr. Fabian's counsel – who should be accountable for necessitating the time-waste – to pay for the deposition costs.  At a minimum, if the Court finds it appropriate to allow Mr. Fabian to withdraw without prejudice, it should also require him to pay fees and costs for his deposition as a condition thereof.[39]

Stepping back from the instant motion and taking the whole picture into consideration, Mr. Fabian's counsel have either: (1) used what appears to be a sham plaintiff as some sort of temporary placeholder until the last possible minute; or (2) proceeded with reckless disregard to their client's inadequacy, hoping to add new plaintiffs later should it become a problem.  Now that Mr. Fabian is exposed as an inadequate lead class plaintiff and has also undermined the case by admitting that statements supporting the fraud and negligent misrepresentation claims are not false, he has become inconvenient and risky for his counsel.  They seem to be scrambling to fix the problem and ignoring the fact that they have wasted untold time and resources of this Court and the Nano Defendants.  The vague explanation provided by Mr. Fabian in his declaration underscores how little thought and planning have gone into this charade.

### 3.   THE COURT SHOULD AWARD THE NANO DEFENDANTS COSTS UNDER RULE 54(d)(1).

Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  The Supreme Court has held that a party has prevailed if it has "received a judgment on the

---

[38] *Id.* at *14 ("Although not a prerequisite to voluntary dismissal, courts frequently order a plaintiff seeking dismissal without prejudice to pay defendants' costs, expenses, and attorneys' fees.").

[39] If the Court determines that any payment of fees or costs is appropriate, Defendants' counsel can promptly submit an affidavit with supporting documentation itemizing all amounts spent by task and all recoverable costs.  *See* Scoolidge Decl. at ¶ 5.

merits, or obtained a court-ordered consent decree."[40]  The Court further reasoned that both

"judgments on the merits and court-ordered consent decrees create a 'material alteration of the legal

relationship of the parties' necessary to permit an award of attorney's fees."[41]  Unlike attorneys' fees,

a prevailing party is presumed entitled to costs of litigation.  The Ninth Circuit has held that "a district

court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons

for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."[42]

Here, if the Court determines that Mr. Fabian's claims should be dismissed with prejudice, the Court

should also award the Nano Defendants their costs associated with defending this matter.

### 4.    THE COURT SHOULD DENY THE MOTION FOR CLASS CERTIFICATION.

Mr. Fabian has admitted that he is not an adequate class representative.[43]  Based on this

admission, the Court need not wait for an opposition from the Defendants to Mr. Fabian's motion for

class certification and may deny it based on his opening brief and his declaration in support of the

instant motion.  This would be an appropriate outcome because it would memorialize as a matter of

public record that Mr. Fabian's motion for class certification failed as a matter of law because Mr.

Fabian was not an adequate class representative.

### CONCLUSION

Based on the foregoing, the Nano Defendants respectfully request that the Court grant Mr.

Fabian's motion to withdraw his claims, with prejudice, and under the condition that Mr. Fabian or his

counsel pay the Nano Defendants' attorneys' fees and costs for Mr. Fabian's deposition, and that the

Court tax costs under Rule 54(d)(1).

---

[40] *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (citations omitted).

[41] *Id.* at 604 (citation omitted).

[42] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

[43] Dkt. No. 150-2 Decl. of James Fabian in Support of Motion to Withdraw at ¶ 3 ("I no longer believe I can adequately represent the interests of the class . . ..").

1    Date: September 21, 2020                    Respectfully submitted,

2

3                                                /s/ Peter Scoolidge
                                                 Peter Scoolidge
4                                                Peter Fox
                                                 **SCOOLIDGE PETERS RUSSOTTI & FOX**
5                                                **LLP**
                                                 *Attorneys for Defendants Hieusys, LLC,*
6                                                *Colin LeMahieu, Troy Retzer, and Mica Busch*

7

8                                                /s/ Shawn Naunton
9                                                Shawn Naunton
                                                 Devon Galloway
10                                               **ZUCKERMAN SPAEDER LLP**
                                                 *Attorneys for Defendant Zack Shapiro*
11

12                                               /s/ Paul J Byrne
                                                 Paul J. Byrne
13                                               **CORNERSTONE LAW GROUP**
                                                 *Attorneys for Defendants Hieusys, LLC, Colin*
14                                               *LeMahieu, Troy Retzer, Mica Busch, and Zack*
                                                 *Shapiro*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

NANO DEFENDANTS' OPP. TO MOT. TO
WITHDRAW                                                          Case No: 4:19-cv-54-YGR

1

CERTIFICATE OF SERVICE

2

I hereby certify on September 21, 2020, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system, which automatically sends an electronic notification to all

4

counsel of record and other CM/ECF participants.

5

6

*/s/ Paul J Byrne*_____
Paul J. Byrne

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NANO DEFENDANTS' OPP. TO MOT. TO
WITHDRAW

Case No: 4:19-cv-54-YGR