**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALEC OTTO**, <br> Plaintiff, <br> v. <br> **COLIN LEMAHIEU, ET AL.**, <br> Defendants. | Case No. 4:19-cv-00054-YGR <br><br> **ORDER GRANTING MOTION TO WITHDRAW MOTION FOR CLASS CERTIFICATION AND MOTION FOR VOLUNTARY DISMISSAL** <br><br> Re: Dkt. No. 194 |

Plaintiff Alec Otto brings this putative class action against defendants Nano f/k/a/ RaiBlocks f/k/a Hieusys, LLC ("Nano"), Colin LeMahieu, Mica Busch, Zack Shapiro, and Troy Retzer (collectively, "Nano Defendants") as well as B.G. Services SRL f/k/a BitGrail SRL f/k/a Webcoin Solutions ("BitGrail") and Francesco "The Bomber" Firano (collectively "BitGrail Defendants") for securities fraud and related claims in connection with defendants' promotion of and statements regarding a cryptocurrency or digital asset referred to as NANO f/k/a RaiBlocks ("XRB" or "Nano Tokens").

Now before the Court is plaintiff's notice of withdrawal of plaintiff's motion for class certification and motion for voluntary dismissal. (Dkt. No. 194 ("Mot.")) The Nano Defendants agree that plaintiff's motion for class certification should be withdrawn, as do they agree that this matter should be dismissed with prejudice. (Dkt. No. 195 ("Resp."))

Having carefully reviewed the record, the papers submitted on each motion, and for the reasons set forth more fully below, the Court accepts plaintiff's withdrawal of his motion for class certification and tentatively **GRANTS** the motion for voluntary dismissal, pending the Court's evaluation of the parties' performance under Section 27(c) of the Securities Act of 1933 ("Section

27(c)").[1]

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case. The Court only summarizes the case background that is relevant for the issuance of this order. Thus: On August 4, 2020, plaintiff filed his first motion to certify the class. (Dkt. No. 144.) On December 8, 2020, plaintiff filed a second motion to certify the class. (Dkt. No. 168.) The Nano Defendants opposed plaintiff's second class certification motion and moved to strike the report of David Weisberger on February 26, 2021. (Dkt. Nos. 179 and 180.) The Court granted the Nano Defendant's motion to strike on April 26. (Dkt. No. 191.) In that order, the Court directed plaintiff to advise as to whether he intended to proceed on the motion for class certification or withdraw it. (*Id.*) Plaintiff initially responded that he intended to proceed with the motion. (Dkt. No. 192.) On June 13, however, plaintiff filed this current motion, seeking withdrawal of the motion and dismissal of the action.

## II. LEGAL FRAMEWORK

### A. Withdrawal of the Motion for Class Certification

Under Rule 7-7(e) of the Civil Local Rules, a motion may only be withdrawn as of right "within the time for filing and serving a reply." If a motion is not withdrawn within this timeframe, the Court may proceed to decide the motion. Civil Local Rule 7-7(e).

### B. Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) provides in pertinent part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing set for **July 20, 2021**.

2

Thus, the rule "vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another.") *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002).

## III. DISCUSSION

### A. Withdrawal of Class Certification Motion

Plaintiff filed this motion to withdraw the motion for class certification over two months after filing the reply. (*See* Dkt. Nos. 188 and 194.) Under Local Rule 7-7(e), the motion is untimely. The Court, however, will excuse the late withdrawal given that the Nano Defendants do not oppose the withdrawal.

### B. Motion for Voluntary Dismissal

#### 1. Whether to Allow Dismissal of Action

A motion for voluntary dismissal should be granted absent a showing by the defendant that it will suffer resulting "legal prejudice," which is "prejudice to some legal interest, some legal claim, [or] some legal argument." *See Westlands Water Dist.v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). Here, both parties agree that plaintiff's claims should be dismissed with prejudice. (*See* Dkt. No. 196 at 1; Resp. at 4.) The parties dispute, however, whether the Nano Defendants should be awarded attorneys' fees and costs. As a threshold matter, the Court finds that dismissal with prejudice is warranted.[2]

#### 2. Terms of Dismissal

The Nano Defendants request attorneys' fees as sanctions under Section 27(c) of the Securities Act of 1933 ("Section 27(c)"). Under Section 27(c), upon final adjudication of a private action arising under federal securities law, a court must assess the parties' Rule 11 compliance

---

[2] Plaintiff avers that dismissal is required because the Court no longer has jurisdiction in light of the withdrawal of the motion for class certification. (Mot. at 1.) The Court is not persuaded. *See United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010) ("We accepted defendants' appeal to consider whether the denial of class certification divests federal courts of jurisdiction over cases removed under § 1332(d). Today we join the Seventh and Eleventh Circuits in holding that it does not. If the putative class action was properly removed to begin with, the subsequent denial of Rule 23 class certification does not divest the district court of jurisdiction.") The Court maintains jurisdiction.

3

with regards to "any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 77z-1(c). If the Court finds that any party did not comply with its Rule 11 requirements, the Court should award appropriate sanctions. *Id.*

Given the Court's obligation, the Court orders briefing on the issue. Nano Defendants shall file its opening brief detailing its position on whether sanctions are appropriate by **JULY 27, 2021**. Plaintiff shall respond by **AUGUST 10, 2021**. The Nano Defendants shall file a reply by **AUGUST 17, 2021**. The opening brief and response shall be limited to 15 pages, and the reply to 10 pages. The Court anticipates resolving the issue on the papers.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court accepts plaintiff's withdrawal of his motion for class certification and tentatively **GRANTS** the motion for voluntary dismissal with prejudice pending resolution of the Section 27(c) issue.

**IT IS SO ORDERED.**

Dated: July 15, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

4