**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALEC OTTO**, <br> Plaintiff, <br> v. <br> **COLIN LEMAHIEU, ET AL.**, <br> Defendants. | Case No. 4:19-cv-00054-YGR <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br><br> Re: Dkt. No. 198 |

The Court ordered defendants Nano f/k/a/ RaiBlocks f/k/a Hieusys, LLC ("Nano"), Colin LeMahieu, Mica Busch, Zack Shapiro, and Troy Retzer (collectively, "Nano Defendants") to brief the issue of whether sanctions should be ordered against plaintiff and/or plaintiff's counsel under Section 27(c)(1) of the Securities Act of 1933. District courts presiding over any private action arising under Section 27(c)(1) must "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 77z-1(c). If the Court finds that any party did not comply with its Rule 11 requirements, the Court should award appropriate sanctions. *Id.*

Defendants avers that plaintiff's counsel violated Rule 11(b) with respect to at least seven filings: (1) the original complaint; (2) the amended complaint; (3) the supplemental pleading; (4) the motion to strike the Nano defendants' affirmative defenses; (5) and three dispositive motions.

### A. Original Complaint

In plaintiff's original complaint plaintiff brought section 12 claims and state law claims for breach of contract, breach of fiduciary duty, and civil conspiracy. Defendant's counsel brought a

motion to dismiss, arguing that the Section 12 claims were barred by a one-year statue of limitations. Plaintiff argued in his opposition that tolling was available for the section 12 claims notwithstanding a recent court case to the contrary. Defendants contend that plaintiff's filing of a claim that is facially outside the applicable statute of limitations reflects the absence of a reasonable inquiry, as does advancing a claim that is clearly foreclosed by controlling authority.

The Court disagrees. While plaintiff's argument did not ultimately prevail, plaintiff's counsel made nonfrivolous arguments that the class claims could have been tolled under C*hina Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), a recent Supreme Court decision. At the time of the complaint, the Ninth Circuit had not previously addressed whether Section 12 claims were subject to equitable tolling but another district court in this district found that equitable tolling may be warranted for class claims. *See, e.g., Hudson v. Capital Mgt. Intl.*, *Inc.*, No. C-81-1737 MHP, 1982 WL 1384, at *3 (N.D. Cal. Jan. 6, 1982) ("The one-year limit on § 12(1) claims may be subject to equitable tolling."). Thus, plaintiff presented a novel question regarding the availability of tolling and plaintiff's counsel were reasonable in advancing the argument. Such conduct is not sanctionable.

As for the state law claims, while the Court ultimately dismissed those claims in their entirety from the original complaint, the Court finds that the claims were not frivolous, and that counsel complied with their Rule 11 obligations in bringing them.

Thus, the Court **DENIES** defendants' request for sanctions on these grounds.

### B. Amended Complaint

Defendants contend that plaintiff's amended complaint suffered from the same deficiencies as the original complaint. Thus, defendants' request for sanctions as to plaintiff's conduct surrounding the amended complaint fails for the same reasons as the original complaint.

Accordingly, the Court **DENIES** the motion.

### C. Supplemental Briefing

Defendants avers that sanctions are warranted because plaintiff's supplemental pleading contained factual allegations about plaintiff's XRB cryptocurrency transactions that plaintiff himself was not aware of, and which turned out to be false. While plaintiff's counsel does not

dispute that many of the allegations turned out to be untrue, plaintiff's counsel explains how it came up with the facts surrounding plaintiff's transaction history after a good faith investigation. Plaintiff's counsel explains how they compared plaintiff's own investment records, which was provided to counsel by plaintiff, with publicly known cryptocurrency wallet addresses for BitGrail to deduce the amounts of plaintiff's BitGrail transactions. Counsel then shared the transaction history that they were able to deduce with plaintiff, who confirmed the accuracy. *See* Opp. at 10 n.8 (*citing* Otto Tr., at 76:24-77:12 ("Q: All right. Looking again at Paragraph 13, do you see where it says, I then withdrew 0.01867302 of his BTC off Coinbase, which I sent to BitGrail to purchase approximately 200 XRB? . . .. Is that true? . . .. A: This is true given that I sent information to my counsel, which were pure records of my transactions on and off Coinbase around the given time that they requested information from me. Thus, they put together this statement, and as far as my knowledge, this is true."); *Id.* at 83:10-15 ("Q: So how did you arrive at the 150 XRB number? A: I believe I provided information to my attorneys, and then utilizing my wallet address, the exact exchange rates of those tokens at the time as well as viewing the in and out of the wallet addresses that I did own, they put together the information that you see before you.")). In light of the foregoing, the Court finds that the allegations contained in plaintiff's supplemental briefing were not frivolous and were made after both plaintiff's counsel and plaintiff conducted a good faith investigation into plaintiff's transaction history.

Thus, defendants' request for sanctions on this ground is **DENIED**.

### D. Motion to Strike

Defendant contends that plaintiff's motion to strike, which sought to strike all of defendants' affirmative defenses, was already deemed frivolous by the Court, thereby warranting sanctions under Section 27(c). In the order granting in part and denying in part plaintiff's motion to strike defendants' affirmative defenses, the Court noted that it considered sanctioning plaintiff "for the filing of a frivolous motion which did not meet the basic standards for such a disfavored motion." (Dkt. No. 127, 7:6-7). The Court then went on to warn defendants that they "should not haphazardly include affirmative defenses without a legitimate legal basis." (*Id.* at 7:12-13). The Court's warnings on both sides were sufficient and hopefully serve to counsel more appropriate

3

behavior on both sides. Given the circumstances, the Court is not inclined to issue sanctions, but will note the conduct should counsel engage in the same manner in future cases.

Accordingly, the request for sanctions is **DENIED**.

### E. Briefing on Dispositive Motions

Defendant argues that sanctions are appropriate for plaintiff's counsel briefing in opposition to the three dispositive motions defendants filed: (a) the opposition brief to the Nano defendants' motion to dismiss the original complaint, (b) opposition to the Nano defendants' motion to dismiss the amended complaint, and (c) opposition to the Nano defendants' motion for forum non conveniens. The Court finds that plaintiff and plaintiff counsel complied with their Rule 11 obligations in opposing defendants' dispositive motions.

First, as explained above, *see supra* A, plaintiff's argument regarding equitable tolling in both his original complaint and amended complaint was a novel question that this circuit had not addressed. Plaintiff's counsel reasonably relied on existing case law to advance the argument that such claims should be tolled. Although plaintiff's argument ultimately failed, the Court does not find that plaintiff or plaintiff's counsel acted without a legal basis to do so.

Similarly, the Court found that plaintiff and plaintiff's counsel adequately fulfilled their Rule 11 allegations with respect to their arguments pertaining to plaintiff's state law claims in both complaints. The Court dismissed several of plaintiff's state law claims for various reasons but did not find that any of those claims were brought in bad faith. Instead, plaintiff's counsel's arguments were based on sound legal reasoning.

Lastly, the Court finds that plaintiff's argument in opposition to defendants' motion for forum non conveniens, including the argument that Italy was not an adequate alternative forum, was not baseless or frivolous. While the Court ultimately found that argument unpersuasive, it denied defendants' motion, finding on balance that the factors weighed in favor of plaintiff's choice of forum.

Accordingly, the Court **DENIES** defendants' request for sanctions on these grounds.

///

///

## II. CONCLUSION

Accordingly, and for the foregoing reasons, the Court **DENIES** the motion and finds that sanctions are not warranted on either side in this case. The parties and their counsel sufficiently complied with their Rule 11 obligations. The plaintiff having previously dismissed this action, this Order terminates the action and the clerk of the court shall close the case.

**IT IS SO ORDERED.**

Dated: October 12, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**